textile fibers. However binding such an arrangement may be between the parties agreeing to it, it does not give the beneficiary such title as is required of him to support a suit in equity, alone, for infringement of so much of the patent as he is interested in. See Waterman v. Mackenzie, 138 U. S. 252, 11 S. Ct. 334, 34 L. Ed. 923; Crown Die & Tool Co. v. Nye Tool & Machine Works, 261 U. S. 24, 43 S. Ct. 254, 67 L. Ed. 516; Jaros Hygienic Underwear Co. v. Fleece Hygienic Underwear Co. (C. C.) 60 F. 622; Suydam v. Day, 23 F. Cas. page 473, No. 13,654; Pope Mfg. Co. v. Gormully, etc., Co., 144 U. S. 248, 12 S. Ct. 641, 36 L. Ed. 423; Gayler v. Wilder, 10 How. 477, 13 L. Ed. 504. Therefore, we must hold that the exclusive license to use the Thompson patent in the cotton and rayon industries does not give to the Texas Company such an interest in the patent as to allow it to bring an action for infringement thereof. If it cannot bring an action for the infringement of the Thompson patent, it certainly cannot set up a counterclaim based on such defective title.

We are of the opinion that the Texas Company is barred in limine by these considerations.

■ As respects the allowance of intervention, Equity Rule 37 (28 USCA § 723) gives the court a large discretion. But however strong a claimant's right to intervene is, there must be a suit in good standing before he can intervene. An intervening defendant not only cannot deny the propriety of the action in which he is intervening (Board of Drainage Com'rs of Pender County, etc., v. Lafayette Southside Bank of St. Louis (C. C. A.) 27 F.(2d) 286), but he cannot, by the strength of his position, breathe life into a dead lawsuit. It is true that if the original defendant has some standing in the court, his position may be strengthened by that of an intervening defendant, but the intervening defendant cannot tie his claim to another claim which has no standing at all and by reason of the intervenor's legal position give a proper standing in the court to the original defendant, who, by virtue of his own position, has none.

"It may be that the right of an intervening party defendant with respect to setting up counterclaims is, under equity rule 30, as broad as that of an original party defendant. But to permit, over the objection of the plaintiffs, a person to intervene not pro interesse suo only but as a party defendant (as to which see Chester v. Life Ass'n of America (C. C.) 4 F. 487), and then to permit such intervening party defendant to set up against the plaintiffs *a counterclaim for affirmative relief that is not available to the original defendant, and to which the original defendant is not entitled,* would be conferring upon such third person broad rights, indeed, with respect to the litigation, and might be extending the rights of such third person beyond the point intended by equity rules 30 and 37. See Curran v. St. Charles Car Co. (C. C.) 32 F. 835." Allington et al. v. Shevlin-Hixon Co., 2 F.(2d) 747, 749 (D. C. Delaware).

See, also, Angier et al. v. Anaconda Wire & Cable Co. (D. C.) 48 F.(2d) 612; Atlas Underwear Co. v. Cooper Underwear Co. (D. C.) 210 F. 347; Leaver v. K. & L. Box & Lumber Co. (D. C.) 6 F.(2d) 666.

It may be contended that a court would have discretion to allow an intervener to aid the original defendant in such a far-reaching way, but if that be so we do not think that the instant case is a proper case for the exercise of such discretion. Neither the petition nor the proposed bill of intervention concerns anything but the subject-matter of the counterclaim and the conclusion is irresistible that the Texas Company, realizing the weakness of its position, has made an eleventh hour attempt to keep its counterclaim in court by getting Parks-Cramer Company to seek leave to intervene, recognizing that the latter is in a stronger legal position than the Texas Company itself.

Plaintiff's motion to strike is granted, and the petition of Parks-Cramer Company for leave to intervene is denied.

■

**WOLFE v. McCAUGHN, Commissioner of Internal Revenue.**

No. 11046.

District Court, E. D. Pennsylvania.

July 28, 1933.

Plaintiff's Requests for Findings of Fact and
Conclusions of Law.

which are now for the purpose of this opinion made the findings of fact and conclusions of law of the court and are filed herewith as the findings of fact and conclusions of law of the court. The facts in the case of Upham v. Commissioner of Internal Revenue, 16 B. T. A. 950 (1929) appear to be substantially like the facts of the case in hand and appear to rule the questions involved in the present case in favor of the plaintiff.

From the aforesaid findings of fact and conclusions of law, the court finds the verdict in favor of the plaintiff, O. Howard Wolfe, and against the defendant, Blakely D. McCaughn, Commissioner of Internal Revenue, for the sum of $66.22, with interest thereon from May 14, 1923, and the clerk is directed to enter judgment in favor of the plaintiff and against the defendant for the sum of $66.22, together with interest thereon from May 14, 1923.

ALBERT W. JOHNSON
United States District Judge,
Specially Presiding.

## AMERICAN SCANTIC LINE, Inc., v. UNITED STATES.

District Court, S. D. New York.
July 28, 1933.

J. Warren Brock and Edmonds, Obermayer & Rebmann, all of Philadelphia, Pa., for plaintiff.

Thomas J. Curtin, Asst. U. S. Atty., and Edward W. Wells, U. S. Atty., both of Philadelphia, Pa., for defendant.

This is a suit in assumpsit brought by the plaintiff, O. Howard Wolfe, against the defendant, Blakely D. McCaughn, Commissioner of Internal Revenue, to recover the sum of $66.26, representing additional assessment of income tax against the plaintiff upon his income for 1918, paid by the plaintiff, under protest, on May 14, 1923.

The case was tried by the court without a jury and from the records, stipulations of the parties, and the evidence taken, the court has found the facts and arrived at the conclusions of law presented to the court by the plaintiff

Hatch & Wolfe, of New York City (Carver W. Wolfe, of New York City, of counsel), for petitioner.