ALBERT HORVATH AND VIRGINIA R. HORVATH, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 2128–79.     Filed January 20, 1982.

Virginia R. Horvath, pro se.
*Lawrence G. Becker*, for the respondent.

IRWIN, *Judge*: Respondent determined a deficiency in petitioners' Federal income tax for the year 1976 in the amount of $549 and an addition to tax under section 6651(a)[1] in the amount of $22. Petitioners concede that respondent properly made an adjustment entitled "Taxes—State and Sales" in the amount of $133 in the notice of deficiency issued to them. Petitioners have amended their petition, by asserting that they incorrectly reported as income certain amounts: $161.19 received from U.S. Steel Corp. and $133.21 received from Bethlehem Steel. Respondent has conceded that the $161.19 should not have been reported as taxable income. Therefore, the issues remaining for our decision are: (1) Whether petitioners are entitled to a deduction in the amount of $1,500 for a contribution to an individual retirement account (IRA), under

---

[1]Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954 as amended and in effect during the year in issue.

section 219; (2) whether interest income credited to such IRA must be included in petitioners' gross income; (3) whether petitioners are entitled to exclude the amount of $133.21 received from Bethlehem Steel from taxable income; and (4) whether petitioners are liable for the addition to tax, under section 6651(a).

## FINDINGS OF FACT

Some of the facts have been stipulated. The stipulation of facts and the exhibits attached thereto are incorporated herein by this reference.

Petitioners Albert and Virginia R. Horvath, husband and wife, filed a joint Federal income tax return for the year 1976 with the Internal Revenue Service Center at Fresno, Calif. Petitioners resided in Alamo, Calif., at the time their petition herein was filed.

Petitioner Virginia R. Horvath (Mrs. Horvath) was employed by U.S. Steel Corp. from June 1975 until sometime in October 1976, when she terminated her employment there. As an employee of U.S. Steel Corp., beginning on January 1, 1976, Mrs. Horvath was a participant under the U.S. Steel and Carnegie Pension Fund (the pension fund), due to her mandatory contributions of $161.19 to the pension fund. Such pension fund is stipulated to be a plan of the type described in section 219(b)(2)(A)(i).

The parties have submitted a copy of a booklet containing the provisions of the pension fund as it operated in 1976 (the 1976 rules). Section 1.1(k)(iv) of the 1976 rules defines the term "Benefit Compensation" for the period during which an employee was a participant under the 1976 rules as his total compensation. Participants in the pension fund accrue benefits[2] based upon their total benefit compensation.

Under the 1976 rules, Mrs. Horvath was entitled to elect to

---

[2]The 1976 rules, however, provide that no participant shall have an accrued benefit until he has at least 1 year of continuous service. The term "year of continuous service" is not defined by the 1976 rules. Although the 1976 rules do state: "The term 'continuous service' means continuous service as defined under the United States Steel 1976 Non-Contributory Pension Rules (Part II-H(E)).", Part II-H(E) has not been offered in evidence.

receive upon termination of her employment either a deferred pension[3] or a refund of her contributions and interest accrued on her contributions to the date of her break in service. Section 7.2 of the 1976 rules provides that any former employee who elected to receive a refund of his contributions and interest accrued thereon, rather than a deferred pension, and is reemployed in a group designated as covered by the 1976 rules may choose to repay within 2 years of his reemployment the amount distributed to him plus interest on such amount computed at the statutory rate at the date of his reemployment, compounded annually from the date of distribution to the date of repayment. Upon making such repayment, the employee becomes entitled to receive credit for benefit compensation previously credited to his account for the purpose of determining future benefits under the 1976 rules.

When Mrs. Horvath terminated her employment with U.S. Steel Corp., she elected to receive a refund of the $161.19 which she had contributed to the pension fund. As a result, she thereafter was no longer covered by the pension fund.

Mrs. Horvath's gross income as an employee of U.S. Steel Corp. in 1976 was $12,318.50.

On October 4, 1976, Mrs. Horvath commenced employment with EG & G, Inc. On that same day she became a participant under the EG & G, Inc., Employees Retirement Plan (the EG & G plan), which is a mandatory pension plan, as a result of EG & G, Inc.'s obligation to contribute to or under the plan on her behalf. Such retirement plan has been stipulated to be a plan of the type described in section 219(b)(2)(A)(i), subject to petitioners' contention that, based upon this Court's holding in *Caterpillar Tractor Co. v. Commissioner*, 72 T.C. 1088 (1979), the plan is discriminatory. Mrs. Horvath continued to be employed by EG & G, Inc., and to be covered by the EG & G plan, at least until the time of trial of the instant case.

In November 1976, Mrs. Horvath established an IRA and made a contribution to it in the amount of $1,500. On their 1976 Federal income tax return, petitioners claimed a deduc-

---

[3]A deferred pension, under the 1976 rules, becomes payable the month after the participant electing to receive it has attained age 65. It is based upon the participant's contributions and interest accrued thereon until the date of his break in continuous service, plus interest on such amounts compounded annually for the period between the break in service and the end of the month in which the participant attains age 65.

tion for such contribution. Respondent disallowed the deduction. In addition, respondent determined that since the deduction had been disallowed, interest income credited to the IRA should have been included by petitioners in taxable income.[4]

On their 1976 tax return, petitioners reported as taxable income received from Bethlehem Steel the amount of $133.21.

Petitioners' 1976 income tax return indicates that it was executed by them on April 3, 1977. On such return, petitioners claimed they were due a refund of $115.

Respondent introduced into evidence a copy of an envelope addressed to the Internal Revenue Service Center at Fresno, Calif., bearing petitioners' return address and a postmark dated April 23, 1977. The only mail that petitioners send to the Internal Revenue Service each year is their Form 1040.

In his notice of deficiency, respondent determined that petitioners failed to timely file their return and therefore added 5 percent of the tax due to petitioners' tax, pursuant to section 6651(a).

## OPINION

Respondent asserts that, in 1976, Mrs. Horvath was an active participant in a plan described in section 401 and was, therefore, not entitled to a deduction for amounts paid to an IRA, under section 219.

In general, section 219(a) allows a deduction for cash contributions made to an IRA. Section 219(b)(2)(A)(i), however, disallows that deduction, in the case of an individual, for a taxable year in which he was an active participant in a plan described in section 401(a) for any part of the year. An individual is an active participant in a plan if he is accruing benefits under the plan, even though he has only forfeitable rights to those benefits. *Orzechowski v. Commissioner*, 69 T.C. 750, 753 (1978), affd. 592 F.2d 677 (2d Cir. 1979).[5]

---

[4]The Form 5329 (Statement of Account for Participants in Individual Retirement Accounts or Annuities) issued to Mrs. Horvath for the year 1976 indicates that no distributions from the IRA were made during such year.

[5]Petitioners acknowledge that the law in effect in 1976 disallowed any deduction for contributions to IRAs made by individuals who were active participants in qualified retirement plans. They urge, however, that the law be changed since many of those individuals will never be eligible to receive their accrued benefits and must therefore have another means of providing for their economic well-being in their postretirement years.

The parties have stipulated that Mrs. Horvath was a participant in a qualified plan, the pension fund, for a part of 1976. As noted in note 2, the 1976 rules provide that no participant in the pension fund shall have an accrued benefit until he has at least 1 year of continuous service. Petitioners have introduced no evidence to show whether or not Mrs. Horvath had the required year of continuous service. Accordingly, since petitioners bear the burden of proof, we must presume that she was accruing benefits while a participant. *Welch v. Helvering*, 290 U.S. 111 (1933);. Rule 142, Tax Court Rules of Practice and Procedure.[6] Consequently, as respondent contends, in principle Mrs. Horvath's situation is indistinguishable from the circumstances of the taxpayers in a large number of cases following the *Orzechowski* case[7] and respondent's determination on the deductibility issue should be sustained.

We have considered the recent opinion in *Foulkes v. Commissioner*, 638 F.2d 1105 (7th Cir. 1981), and we do not think it is of any help to petitioners in this case. In the *Foulkes* case, the taxpayer, in May 1975, terminated his employment, thereby forfeiting his rights to benefits under a qualified noncontributory pension plan of his employer. Moreover, the Commissioner had conceded that the break-in-service rules of section 411(a)(6) did not apply to the petitioner. Under those rules, if an employee who is covered by a qualified plan has a break in service and later returns to work for the same employer, his past service is not disregarded, provided certain time requirements are satisfied. Thus, the Court of Appeals, in holding the taxpayer was entitled to a deduction for a contribution to an IRA, emphasized that, at the end of his taxable year, he had no potential for a double tax benefit.

---

Congress has recently provided that any individual, whether or not he is an active participant in a qualified plan, can deduct contributions to an IRA, for taxable years beginning after Dec. 31, 1981. Sec. 311 of the Economic Recovery Tax Act of 1981, Pub. L. 97–34, 95 Stat. 274, 283. Unfortunately for petitioners, Congress did not make this change in the law effective for 1976. We must, consequently, apply the law as it stood in 1976.

[6] Our conclusion that Mrs. Horvath was an active participant in the pension fund makes it unnecessary to consider petitioners' argument that, based on *Caterpillar Tractor Co. v. Commissioner*, 72 T.C. 1088 (1979), the EG & G plan is not a qualified plan.

[7] See, e.g., *Leightweis v. Commissioner*, T.C. Memo. 1980–290; *Andalman v. Commissioner*, T.C. Memo. 1980–276; *Alexander v. Commissioner*, T.C. Memo. 1980–71. In the cited cases, the taxpayers were active participants in qualified plans during part of their taxable years, but not as of the close of their taxable years.

In the instant case, Mrs. Horvath would be entitled to a reinstatement of previously credited benefit compensation, which is determinative of the amount of accrued benefits under the pension fund, if she were to resume employment in a group covered by the 1976 rules and repay the full amount distributed to her plus interest thereon within 2 years of such reemployment.[8] Therefore, the potential for a double tax benefit did in fact exist as of the end of 1976 and, consequently, the rationale adopted by the Court of Appeals in the *Foulkes* case is not applicable. See *Chapman v. Commissioner*, 77 T.C. 477 (1981); *Johnson v. Commissioner*, 661 F.2d 53 (5th Cir. 1981), affg. 74 T.C. 1057 (1980).[9]

As previously noted, respondent included the interest income credited to the IRA during 1976 in petitioners' taxable income, based upon his disallowance of the deduction for the contribution to the IRA.[10]

Although section 219(b)(2)(A)(i) does preclude the deductibility of a contribution made by an individual to an IRA for a year in which he was an active participant in a qualified pension plan, it by no means renders the IRA, to which such contribution was made, invalid. *Orzechowski v. Commissioner, supra* at 754–757.[11] Section 408(e)(1) provides that any IRA is exempt from Federal income tax, with specified exceptions. The making of nondeductible contributions to an IRA is not among the specified exceptions to the general rule of section 408(e)(1). Section 408(e); *Orzechowski v. Commissioner, supra* at 755. By virtue of section 408(d), income credited to a valid IRA is generally taxed when it is distributed, and petitioners should keep this in mind. That section provides that, other

---

[8]The provision of the 1976 rules granting former employees the right to repay distributions that they elected to receive, plus interest thereon, within 2 years of being reemployed in a group covered by the 1976 rules and thereby receive credit for previously credited benefit compensation is apparently intended to satisfy sec. 411(a)(7)(C).

[9]See also *Bogaards v. Commissioner*, T.C. Memo. 1981–540; *Boykin v. Commissioner*, T.C. Memo. 1981–447. Cf. *Alexander v. Commissioner*, T.C. Memo. 1980–71.

[10]Petitioners have strenuously argued that the contribution to the IRA was deductible, while ignoring the inclusion by respondent of the income credited to the IRA in their taxable income. Since we believe that petitioners acted upon a misconception, given life by the notice of deficiency itself, that whatever result was reached concerning the deductibility of the contribution would necessarily determine the tax treatment of the income credited to the IRA, we do not consider them to have conceded the correctness of respondent's adjustment for the income credited to the IRA.

[11]See also *Andalman v. Commissioner*, T.C. Memo. 1980–276.

than in certain circumstances, any amount distributed from an IRA shall be included in the distributee's gross income in the taxable year in which it is received by the distributee.

In accordance with the foregoing, we conclude that petitioners are not required to include the income credited to the IRA in their 1976 gross income.[12]

Petitioners contend that they incorrectly reported as taxable income the amount of $133.21, received from Bethlehem Steel, on the ground that such amount represents a refund of contributions made by Mrs. Horvath to Bethlehem Steel's pension plan. Petitioners have presented no evidence to satisfy their burden of proof on this issue. Rule 142(a), Tax Court Rules of Practice and Procedure. We, therefore, are unable to find that the $133.21 was not includable in their gross income.

Petitioners claim that their return was timely filed and that they, therefore, are not liable for an addition to tax under section 6651(a). They point out that since the return was signed on April 3, 1977, and they were filing for a refund, there was no reason why they would have filed late. Petitioners do not deny that respondent has produced a correct copy of the envelope in which their return was mailed. Instead, they claim that the fact that the postmark on such copy bears a date of April 23, 1977, must be due to improper handling by the Postal Service.

As a general rule, individual income tax returns made on the basis of a calendar year are, of course, required to be filed by the 15th day of April following the close of the calendar year. Sec. 6072. There is no evidence in the record as to when the tax return was, in fact, delivered to respondent. However, it is undisputed that the envelope in which the return was mailed bears a U.S. Postal Service postmark of April 23, 1977, and presumably the return was delivered thereafter. Petitioners do not contend that section 7502 applies, nor could they make such a contention since the postmark is dated beyond

---

[12]Respondent's adjustment in the notice of deficiency was based solely upon the theory that when a deduction for a contribution to an IRA is disallowed, the interest income credited to the IRA must be included in gross income. Under these circumstances, the burden of proof imposed upon petitioners does not require them to show that no event mentioned in sec. 408(e) occurred, so as to cause the IRA to lose its exempt status, in whole or in part, and that no distribution occurred, so as to result in petitioners' being liable for tax under sec. 408(d).

the date prescribed for filing the return. Sec. 7502(a)(2). Respondent has determined that the late filing addition is applicable here, and petitioners have the burden of proof to establish that their return was timely filed. *Fischer v. Commissioner,* 50 T.C. 164, 177 (1968). They have not sustained their burden.

We, therefore, sustain respondent's determination that petitioners are liable for the 5-percent addition to tax pursuant to section 6651(a).

*Decision will be entered under Rule 155.*