RENNIE CRABTREE and SANDRA WALROND CRABTREE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Crabtree v. Commissioner
Docket No. 6840-81.
United States Tax Court
T.C. Memo 1982-252; 1982 Tax Ct. Memo LEXIS 496; 43 T.C.M. (CCH) 1320; T.C.M. (RIA) 82252; May 5, 1982. Rennie Crabtree and Sandra Walrond Crabtree, pro se. Glenn C. Guritzky, for the respondent. DRENNEN
MEMORANDUM FINDINGS OF FACT AND OPINION DRENNEN, Judge: This case was assigned to and heard by Special Trial Judge Lee M. Galloway pursuant to the provisions of section 7456(c) of the Internal Revenue Code[1] and Rules 180 and 181, Tax Court Rules of Practice and Procedure.[2] The Court agrees with and adopts his opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE GALLOWAY, Special Trial Judge: Respondent determined a deficiency *498 of $ 1,525 in petitioners' 1978 Federal income tax. The only issue [3] is whether petitioner Rennie Crabtree (petitioner) is entitled to a deduction for $ 1,500 contributed to an Individual Retirement Account (IRA) in the taxable year. FINDINGS OF FACT Petitioners resided at Cranbury, New Jersey, at the time they filed their petition. On their joint tax return filed for the taxable year, they claimed a deduction of $ 1,500 for a contribution made to an IRA. During the early part of 1978, petitioner was employed by A. G. Becker, Inc. (Becker). [4] Becker maintained a qualified pension plan in which petitioner was an active participant. Petitioner severed his employment relationship with Becker in April 1978 and received no distribution of funds upon termination of his employment. Becker's pension plan, designated as The Becker Warburg Paribas Group Incorporated Pension Plan and Trust Agreement (Amendment No 12 Effective as of October 30, 1976), states *499 in part, as follows: Section 3.25.Period of Continuous Employment - (a) The aggregate uninterrupted period of service as an employee of any one or more Companies or Related Companies commencing with the date such employee begins employment with, or is reemployed by, any such Company or Related Company, as the case may be, or any yearly anniversary date thereof. * * * (b) In the case of any employee who shall have terminated his Period of Continuous Employment and who shall return to work with a Company or Related Company, two or more separate Periods of Continuous Employment of such employee ending after October 29, 1976 (but not any such Period ending before October 30, 1976) shall be aggregated as follows: (i) If he returns to work within one (1) year after such termination, his Period of Continuous Employment shall be deemed not to have terminated for purposes of determining whether he shall have completed a Period of Continuous Employment of at least one hundred twenty (120) months (but not for purposes of determinig his Credited Service), and he shall be given credit for the *500 period between the date of such termination and the date of such reemployment. (iii) If he was not a Retired Participant and returns to work more than one (1) year after such termination, such prior Period shall be aggregated with all subsequent Periods of Continuous Employment for all purposes hereunder only if the number of months which have elapsed between such termination and the date of such reemployment are less than the number of months in such prior Period of Continuous Employment. Later in 1978, petitioner was employed by Interactive Data Corporation, which did not provide pension plan coverage for employees. Petitioner deposited $ 1,500 into an IRA account in December 1978. OPINION Section 219, as applicable to the year 1978, allows a deduction for a contribution to an IRA described in section 408(a) up to $ 1,500 in the taxable year. However, section 219(b)(2) denies the deduction in the event the individual was an active participant in a plan described under section 401(a) for any part of such year.
Respondent maintains that since petitioner was an active participant in the Becker pension plan during some part of 1978, he may not claim a $ 1,500 deduction *501 for the IRA contribution. We agree. This case is virtually indistinguishable from numerous other cases decided by this Court. See Orzechowski v. Commissioner,69 T.C. 750, 753 (1978), affd. 592 F.2d 677 (2d Cir. 1979); Horvath v. Commissioner,78 T.C. 86 (1982). Petitioner, however, argues that this case should be controlled by the decision of Foulkes v. Commissioner,638 F. 2d 1105 (7th Cir. 1981), revg. T.C. Memo. 1978-498. We have recently considered the effect of the Foulkes decision in Horvath v. Commissioner,supra at 90, wherein we stated in part: In the Foulkes case, the taxpayer, in May 1975, terminated his employment, thereby forfeiting his rights to benefits under a qualified noncontributory pension plan of his employer. Moreover, the Commissioner had conceded that the break in service rules of section 411(a)(6) did not apply to the petitioner. Under those rules, if an employee who is covered by a qualified plan has a break in service and later returns to work for the same employer, his past service is not disregarded provided certain time requirements are *502 satisfied. Thus, the Court of Appeals, in holding the taxpayer was entitled to a deduction for a contribution to an IRA, emphasized that, at the end of his taxable year, he had no potential for a double tax benefit. After reciting the factual differences in Horvath, we concluded, "the potential for a double tax benefit did in fact exist as of the end of 1976 and, consequently, the rationale adopted by the Court of Appeals in the Foulkes case is not applicable." Horvath,supra at 91. Here, the terms of the Becker pension plan indicate that, subject to compliance with certain time requirements, petitioner's past service would not be disregarded in the event that he returned to work for Becker. Accordingly, as of December 31, 1978, the potential for a double tax benefit to petitioner did exist and we must sustain respondent. Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. Pursuant to the order of assignment, on the authority of the "otherwise provided" language of Rule 182, Tax Court Rules of Practice and Procedure↩, the post-trial procedures set forth in that rule are not applicable to this case.
3. Other issues contained in respondent's notice of deficiency, i.e., disallowance of deductions for taxes claimed and for employee business expenses claimed and increasing interest income have been conceded by petitioners.↩
4. The record does not disclose when petitioners commenced working for Becker.↩