GENE MORETTI and LORRAINE MORETTI, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Moretti v. Commissioner
Docket No. 19675-80.
United States Tax Court
T.C. Memo 1982-552; 1982 Tax Ct. Memo LEXIS 186; 44 T.C.M. (CCH) 1200; T.C.M. (RIA) 82552; September 23, 1982. Gene Moretti, pro se. Barbara A. Matthews, for the respondent. NIMS
MEMORANDUM FINDINGS OF FACT AND OPINION NIMS, Judge: Respondent determined a deficiency in petitioners' Federal income tax of $1,239 and an addition to tax under section 6651(a) [1] of $61.99 for the taxable *187 year 1977. Due to concessions, [2] the issues for decision are 1) whether petitioners have substantiated various claimed business expenses, 2) whether petitioners are entitled to any deduction attributable to an office in the home, 3) whether petitioners have substantiated various itemized deductions, including medical expenses, taxes, interest and charitable contributions and 4) whether petitioners are liable for the addition to tax under section 6651(a). FINDINGS OF FACT Some of the facts have been stipulated. The stipulation and exhibits attached thereto are incorporation herein by reference. Petitioners Gene and Lorraine Moretti, husband and wife, resided at Pelham, New York, at the time the petition was filed. During 1977, petitioner Lorraine Moretti worked on *188 a free lance basis for the classified advertising department of New York City-based Cue Magazine ("Cue"). Her work consisted essentially of cutting, pasting, collating, envelope stuffing and addressing various Cue advertising promotional materials to be sent to prospective Cue advertisers. Lorraine Moretti would be supplied by Cue with all envelopes, brochures and magazines necessary to perform her work. She would then cut out ads of prospective advertisers found in competing magazines, determine a price for running the same ad in Cue and include the information along with other Cue advertising promotional materials in an envelope addressed to the prospective advertiser. Lorraine Moretti performed all these tasks at home, often with the assistance of her husband and children, and sometimes with the paid assistance of outside typists. Gene Moretti assisted his wife by using one of the family cars to drive to and from the main offices of Cue in New York City, either to pick up or drop off materials. During 1977 he drove 52 round trips from petitioners' home in Bayville, on Long Island, to New York City (65 miles each), paying $5 for parking and $1.50 for tolls on each trip. *189 During part of 1977, the petitioners also engaged in a telephone solicitation advertising campaign for Cue, using their home phone. In 1977, Lorraine Moretti received payments from Cue calculated on a per piece basis (for her envelope stuffing) or a per hour basis (for her telephone work) in the total amount of $9,996.66. During 1977, petitioners rented a 5-1/2 room house in Bayville, New York. The house consisted of two bedrooms (in which petitioners and their two children slept), a den, a living room, a dining room and a "half" kitchen. The house also had a garage. In storing cartons of materials, collating and envelope stuffing, petitioners used the den, living room, dining room and garage. The den alone, however, was used regularly and exclusively in petitioners' business. Petitioners, for example, ate meals in the dining room as well as using it to collate papers. During 1977, petitioners incurred rental expenses of $4,344, heat and electricity expenses of $1,056.52 and telephone expenses of $705.07. Petitioners incurred expenses associated with the operation of their two cars in 1977 in the total amount of $610.19; of this amount $265.44 was paid for car insurance *190 and $10 for a parking violation. In 1977, petitioners paid a total of $16.50 to Georgia Suisse for work performed by her for petitioners' business. In 1977, petitioners incurred expenses for drugs totaling $103.99. In 1977, petitioners paid $21.95 in interest on a bank loan. Petitioners filed a joint return for 1977 with the Internal Revenue Service Center at Holtsville, New York. The envelope containing the return bears a United States mail postmark at Hicksville, New York, dated April 21, 1978. The return was received by the Service Center on April 25, 1978. On their return, petitioners reported wages of $9,996.66 from which they deducted $9,298.00 of employee business expenses (leaving adjusted gross income of $698.66). On a sheet attached to the return entitled "Home Production Advertising Deductions -- I year operations 1977," petitioners broke down the $9,298 figure as follows: Heat & Electric
700.00
Telephone
550.00
Water
60.00
Rent
2,925.00
Car Repair
350.00
Insurance
313.00
Gas
600.00
Transportation, tolls,
parking
750.00
Salaries
2,500.00
Supplies
300.00
Equipment
250.00
Total
$9,298.00
Petitioners further *191 elected to itemize their deductions. On Schedule A, petitioners claimed to have spent, in 1977, $735 on medicine and drugs, $200 on doctors, dentists, nurses, etc., $140 on state and local gasoline taxes, $300 on general sales taxes, nothing on interest, $50 on contributions to "Church - Blind Beggars - Boy & Girl Scouts - Schools - Others" and $9,298 on union dues (with the explanation "schedule attached"). In his statutory notice of deficiency, respondent, among other things, disallowed the $9,298 employee business expense deduction and the $9,298 union dues deduction as unverified. Having eliminated the union dues deduction, respondent then allowed petitioners the $3,200 zero bracket amount because that number was greater than the remaining claimed itemized deductions. OPINION Issue 1. Business Expense Deductions Not Related to Home Office
On their return, petitioners deducted $9,298 of business expenses both as employee business expenses (an above-the-line adjustment) and as union dues (an itemized deduction). Petitioners now concede that they are only entitled to one deduction for this amount. Since all parties agree that Lorraine Moretti was an independent *192 contractor during 1977 (and subject to the self-employment tax), we think these expenses are properly deductible, if at all, prior to determining adjusted gross income (i.e., above the line). Of the total $9,298 in claimed business expenses, the following have no relation to a home office: Car Repair
$ 350
Insurance
313
Gas
600
Transportation, tolls,
parking
750
Salaries
2,500
Supplies
300
Equipment
250
Total
$5,063
Initially respondent disallowed all these deductions for lack of substantiation. Now, however, he is willing to allow petitioners the cost of 52 round trips between New York City and petitioners' home (including parking, tolls and $ .17 per mile) as a legitimate business expense -- i.e., $912.60. He still maintains that all other expenses have not been substantiated. With the exception of a $16.50 salary expense for Georgia Suisse, we agree. First, we note petitioners have shown us no books and records of their business to substantiate the deductions for salaries, supplies and equipment. Neither have they shown us receipts for these items. Petitioners argue that they paid cash or wrote checks to cash to pay third parties *193 for typing work. However, we cannot estimate the amounts paid to third parties when petitioners have not even given us any idea of how much work these third parties did and what their rate of pay was. Cf. Cohan v. Commissioner,39 F.2d 540 (2d Cir. 1930). Nor can we estimate the costs of supplies and equipment when the testimony in this case shows that virtually all things needed in petitioners' business were supplied at no charge by Cue. There was no testimony regarding what supplies and equipment petitioners had to purchase themselves. The only deductible business expenses that we feel confident did occur were payments to Georgia Suisse in the total amount of $16.50 for typing services rendered. These should be allowed. Lacking any other credible evidence on the salary, supplies and equipment items and viewing with some skepticism the obvious round number figures used by petitioners on these and other items, we disallow the remaining salary, supplies and equipment deductions. [3]
*194 Second, petitioners have introduced no evidence which would suggest to us a business use of their cars beyond the 52 trips to New York City allowed by respondent. At trial Gene Moretti stated that petitioners deducted 100 percent of their car repair, car insurance and gas bills for 1977 as business expenses on the theory that they used the two cars only in their business. We find such testimony of exclusive business use of the two family cars inherently incredible. Accordingly, we hold petitioners may not deduct car repair, insurance, gas and transportation, tolls and parking expenses in excess of the $912.60 amount allowed by respondent. Issue 2. Home Office Deductions
Petitioners deducted $700 for heat and electric, $550 for telephone, $60 for water and $2,925 for rent as business expenses connected with the use of their home in their envelope stuffing and telephone solicitation business. These figures, they contend, represent roughly 60 percent of what petitioners actually spent on these items for the whole house in 1977. Presumably the 60 percent figure was chosen because petitioners claim to have used three of the five major rooms in their house in their business. *195 Respondent argues that petitioners are entitled to no home office deduction because petitioners have not satisfied the exclusive use requirement of section 280A(c)(1). (Respondent apparently concedes that petitioners' home was their principal place of business. See section 280A(c)(1)(A).) Initially we note our findings of fact that petitioners' actual heat and electric, telephone, water [4] and rent expenses totaled $6,105.59 in 1977. Sixty percent of that figure would be $3,663.35 -- and not the $4,235 petitioners claimed. We also found as a fact that petitioners did use their den regularly and exclusively in their business, although that was not the case with other rooms they only sometimes used in their business. Consequently, we hold that petitioners are entitled to a home office deduction for those expenses relating to the use of their den. In determining such amount in the instant case we think a figure of 1/5.5 (room used/total rooms) would produce an appropriate approximate deduction (though we do not mean to imply this would always be the appropriate method). [5] Accordingly, petitioners are allowed *196 business expense deductions for heat and electric, telephone, and rent expenditures in the total amount of $1,110.10 in 1977. Issue 3. Itemized Deductions
The next issue is whether petitioners have substantiated the various itemized deductions claimed on their return plus additional itemized deductions for interest on a bank loan and a $300 charitable gift which were not previously claimed. We need not decide these substantiation questions, however, because in light of our elimination of the $9,298 union dues item from petitioners' Schedule A, even if they substantiated all the other itemized deductions, they would not reach the zero bracket amount for married individuals filing jointly ($3,200). Accordingly, and pursuant to the deficiency notice, petitioners are instead entitled to the zero bracket amount -- the more beneficial figure. Issue 4. Late Filing
Petitioners contest the late filing addition under section 6651(a) solely on the ground that they thought they timely filed their return for 1977 on April 12, 1978. Respondent argues the return was not timely filed, pointing to the return envelope's *197 United States postmark dated April 21, 1978, and the records of the Internal Revenue Service Center showing receipt of the return on April 25, 1978. On this record we are entirely unpersuaded that petitioners timely filed their 1977 tax return. [6] Since petitioners introduced no evidence to show their late filing was due to reasonable cause, the imposition of the addition must be upheld. Decision will be entered under Rule 155.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954 as in effect during the year in issue. ↩
2. In addition to the concessions noted later in the opinion, petitioners have conceded their failure to report $44 of interest income in 1977 and their liability for self-employment tax (though in an amount to be determined after resolution of other contested issues).↩
3. We also note generally that to accept petitioners' business deductions as claimed we would have to assume petitioners had an independent source of cash far in excess of the $2,000 loan they claimed to have obtained that year. Petitioners would have us believe that they fed, clothed and sheltered (at least to the extent of the portion of their house not deducted as a business expense) a family of four with two cars on virtually no income or savings in 1977. This strains credibility.↩
4. Petitioners proved no water expenses incurred in 1977.↩
5. See sec. 1.280A-2(i)(3), Proposed Income Tax Regs.↩
6. See Horvath v. Commissioner,78 T.C. 86, 92-93 (1982); Smith v. Commissioner,T.C. Memo. 1977-10↩.