WILLIA V. MOORE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Moore v. Commissioner
Docket No. 6001-82
United States Tax Court
T.C. Memo 1983-289; 1983 Tax Ct. Memo LEXIS 489; 46 T.C.M. (CCH) 229; T.C.M. (RIA) 83289; May 25, 1983. Willia V. Moore, pro se. Margaret K. Hebert, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: This case was assigned to and heard by Special Trial Judge Darrell D. Hallett pursuant to the provisions of section 7456(c) of the Internal Revenue Code *490 [1] and Rules 180 and 181, Tax Court Rules of Practice and Procedure.[2] The Court agrees with and adopts his opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE HALLETT, Special Trial Judge: Respondent Determined a deficiency in petitioner's 1978 Federal income tax in the amount of $336. The issues for decision are (1) Whether petitioner is entitled to a deduction with respect to a contribution to an Individual Retirement Account (IRA); and (2) whether petitioner is liable for the 6 percent excise tax imposed by section 4973 on excess contributions to an individual retirement account. Petitioner was a resident of Los Angeles, California at the time the petition was filed in this case. During the tax year 1978, petitioner was employed full time by the Cedars-Sinai Medical Center. Petitioner was covered *491 by a retirement plan maintained by the medical center for its employees, and contributions were made to the plan on behalf of petitioner. During 1978 petitioner's rights to benefits under the plan were not vested, and would not become so until she had completed at least 10 years of service. In 1978, petitioner made a $1,500 contribution to an IRA and claimed the amount of the contribution as a deduction on her 1978 return. The law in effect for 1978 authorized a deduction with respect to contributions to an IRA, but it specifically prohibited a deduction for a taxpayer who was an active participant in a qualified retirement plan. Section 219(b)(2)(A)(i)([(B)]. Petitioner contends that she was not an active participant in the retirement plan maintained by her employer because she did not, as of 1978, have vested benefits in the employer's plan. However, we have previously addressed this issue and concluded that Congress intended the term "active participant" as it appeared in section 219 to include not only individuals whose benefits in a qualified plan are vested, but those who are accruing benefits that would be forfeited if the individual does not fulfill the minimum age *492 and service requirements. This is because Congress was concerned with the potential double tax benefit an individual would obtain if he were allowed a deduction for contributions to an IRA at the same time he was accruing benefits in a qualified plan, and those benefits later became fully vested. Orzechowski v. Commissioner,592 F.2d 677 (2nd Cir. 1979), affg. 69 T.C. 750 (1978). See also Guest v. Commissioner,72 T.C. 768 (1979); Horvath v. Commissioner,78 T.C. 86 (1982); Johnson v. Commissioner,620 F.2d 153 (7th Cir. 1980); Johnson, Jr. v. Commissioner,661 F.2d 53, (5th Cir. 1981) affg. 74 T.C. 1057 (1980); Hildebrand v. Commissioner,683 F.2d 57 (3rd Cir. 1982). [3] Accordingly, since petitioner was clearly covered by a qualified retirement plan maintained by her employer, her claimed deduction to the IRA must be disallowed. *493 We must also sustain respondent's determination and hold petitioner liable for the 6 percent excise tax. In this regard, section 4973 imposes a 6 percent excise tax on excess contributions to an IRA. In a case such as this, where the entire contribution fails to qualify for deduction, the entire amount of the contribution is considered an "excess contribution" and is subject to the tax. Orzechowski v. Commissioner,supra at 756, Guest v. Commissioner,supra;Randall v. Commissioner,T.C. Memo. 1980-490; Marsh v. Commissioner,T.C. Memo. 1980-193. [4] We recognize that petitioner claimed the deduction in good faith, believing that she was not precluded from doing so by reason of her participation in her employer's plan because her rights under that plan were not fully vested. However, in enacting the excise tax on excess contributions to IRA's, Congress chose to draw no distinction between excess contributions inadvertently made and those willfully made. Accordingly, we must sustain respondent's determination as to the excise tax imposed. *494 Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. Pursuant to the order of assignment and on the authority of the "otherwise provided" language of Rule 182, Tax Court Rules of Practice and Procedure↩, the post-trial procedures set forth in that rule are not applicable in this case.
3. We note that the decision in Foulkes v. Commissioner,638 F.2d 1105↩ (7th Cir. 1981), revg. a Memorandum Opinion of this Court, is distinguishable since petitioner herein was employed by the hospital during the entire year 1978 and accrued benefits based on her participation in the plan during that year.
4. Effective for years beginning after 1981, Section 408 was amended to permit the penalty to be avoided by the taxpayer causing the "excess" contributions to be repaid before the filing due date on his return.↩