GIULIO R. SAURINI, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Saurini v. Commissioner
Docket No. 9459-82.
United States Tax Court
T.C. Memo 1983-524; 1983 Tax Ct. Memo LEXIS 259; 46 T.C.M. (CCH) 1206; T.C.M. (RIA) 83524; August 25, 1983. Giulio R. Saurini, pro se. Jerome F. Warner, for the respondent. FEATHERSTON
MEMORANDUM FINDINGS OF FACT AND OPINION FEATHERSTON, Judge: This case was assigned to and heard by Special Trial Judge Lee M. Galloway, pursuant to the provisions of section 7456(c)[1] and Rules 180 and 181, Tax Court Rules of Practice and Procedure.[2] The Court agrees with and adopts his opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE GALLOWAY, Special Trial Judge: Respondent determined a deficiency of $1,419 in petitioner's 1979 Federal income tax. After concessions by petitioner, the remaining issues for decision are (1) whether petitioner is entitled to a deduction under section 219 for a payment made to an individual retirement account, (2) whether *262 petitioner is liable for the 6-percent excise tax imposed by section 4973 on excess contributions to an individual retirement account (IRA), and (3) whether petitioner is entitled to a repair expense deduction claimed on rental property. Some of the facts are stipulated and are so found. Petitioner resided at Utica, New York, at the time of filing his petition. During the year 1979, petitioner was employed by Charles T. Main, Inc. (CTM), until he terminated his employment with the corporation late in December of that year. CTM maintained a qualified pension plan in which petitioner was an active participant. Petitioner did not have a vested interest in the plan and received no distribution of funds when he terminated his employment. Early in 1980, petitioner deposited $3,000 in an IRA in the names of himself and his wife, Mrs. Hanne S. Saurini, [3] applicable for the year 1979. Mrs. Saurini's wages were not covered under a pension plan. Respondent disallowed $1,500 of the $3,000 deduction claimed by petitioner with respect to his IRA deduction. *263 Section 219, as applicable to the year 1979, allows a deduction for a contribution to an IRA described in section 408(a) up to $1,500 in the taxable year. However, section 219(b)(2) denies the deduction in the event the individual was an active participant in a plan described under section 401(a) for any part of such year. [4]
Although section 219 does not define the term "active participant," the report of the Ways and Means Committee states (H. Rept. No. 93-807 (1974), 1974-3 C.B. (Supp.) 236, 364): An individual is to be considered an active participant in a plan if he is accruing benefits under the plan even if he only has forfeitable rights to those benefits. Otherwise, if an individual were able to, e.g., accrue benefits under a qualified plan and also make contributions to an individual retirement account, when he later becomes vested in the accrued benefits he would receive tax-supported retirement *264 benefits for the same year both from the qualified plan and the retirement savings deduction. * * * We agree with respondent that since petitioner was an active participant in the CTM pension plan he may not claim a $1,500 deduction for the IRA contribution under section 219(b)(2)(A). This case is indistinguishable from numerous other cases decided by this Court. See Orzechowski v. Commissioner,69 T.C. 750, 753 (1978), affd. 592 F.2d 677 (2d Cir. 1979); Horvath v. Commissioner,78 T.C. 86 (1982). See also Johnson v. Commissioner,620 F.2d 153 (7th Cir. 1980), affg. a Memorandum Opinion of this Court; Johnson, Jr. v. Commissioner,661 F.2d 53 (5th Cir. 1981), affg. 74 T.C. 1057 (1980); Hildebrand v. Commissioner,683 F.2d 57 (3d Cir. 1982), affg. a Memorandum Opinion of this Court. Respondent is sustained on this issue. [5]
*265 We must also sustain respondent's determination of a 6-percent excise tax imposed under section 4973(a) on petitioner's excess contribution to an IRA. The 6-percent excise tax is applicable even though the deduction for the contribution to the IRA is disallowed in full. See Orzechowski v. Commissioner,supra;Guest v. Commissioner,75 T.C. 768 (1979); Randall v. Commissioner,T.C. Memo. 1980-490. [6]
The remaining issue is whether petitioner is entitled to a deduction for the expense of repairing a foundation and stairway on residential property, 50 percent of which was rented to a tenant. Respondent contends that the expense incurred in the amount of $1,196 should be capitalized as a permanent improvement which increased the value of the property. See section 263; sec. 1.263(a)-1(a)(1), Income Tax Regs. The residence was purchased by petitioner in 1977 for $18,000 and is presently about 60-70 years old. *266 The former owner rented the upstairs portion during 1979. After carefully reviewing the record, we find that the expenditures made were for deductible repairs to property under section 1.162-4, Income Tax Regs. However, since 50 percent of the structure is used as petitioner's personal residence, 50 percent of the expenses incurred constitute nondeductible personal expenditures. With this modification, we sustain petitioner on this issue. Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as in effect during the tax year in issue, unless otherwise noted. ↩
2. Pursuant to the order of assignment and on the authority of the "otherwise provided" language of Rule 182, Tax Court Rules of Practice and Procedure↩, the post-trial procedures set forth in that rule are not applicable in this case.
3. Although respondent mailed his joint notice of deficiency to petitioner and Mrs. Saurini, her name does not appear on the petition and she is not a party to this proceeding.↩
4. Sec. 219 has been amended to allow persons covered by qualified plans to take deductions for contributions to IRAs in taxable years beginning after Dec. 31, 1981. See sec. 311(a), Economic Recovery Pay Act of 1981, Pub. L. 97-34, 95 Stat. 172, 274.↩
5. We note that here where the taxpayer would be entitled to a reinstatement of previously accrued benefits if he were to be re-employed by the employer within the time period specified by the break in service provisions of the plan, the potential for a double tax benefit does exist and therefore the rationale of Foulkes v. Commissioner,638 F.2d 1105↩ (7th Cir. 1981), revg. a Memorandum Opinion of this Court, does not apply.
6. Sec. 408(d)(4) was amended (effective for years beginning after Dec. 31, 1981) to provide that the penalty may be avoided if the taxpayer repays the "excess" contributions before the due date for filing his return.↩