THOMAS V. ORVIS and BOBYE G. ORVIS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Orvis v. Commissioner
Docket No. 24796-81.
United States Tax Court
T.C. Memo 1984-533; 1984 Tax Ct. Memo LEXIS 145; 48 T.C.M. (CCH) 1295; T.C.M. (RIA) 84533; October 3, 1984. Thomas V. Orvis, pro se. Donna J. Rice, for the respondent. GOFFE MEMORANDUM FINDINGS OF FACT AND OPINION GOFFE, Judge: The Commissioner determined a deficiency in petitioners' *147 Federal income tax for the taxable year 1978 in the amount of $980. The issues for decision are: (1) whether petitioners are entitled to a deduction under section 219(a)[1] for payments made to an individual retirement account (IRA) in the amount of $1,500, and (2) whether petitioners are entitled to a deduction for automobile business expenses in the amount of $1,275. FINDINGS OF FACT Some of the facts have been stipulated. The stipulation of facts and accompanying exhibits are so found and incorporated herein by reference. Thomas V. Orvis (Mr. Orvis) and Bobye G. Orvis (Mrs. Orvis), husband and wife, were residents of Fresno, California, at the time the petition in this case was filed. Petitioners filed a joint Federal income tax return for the taxable year 1978 with the Internal Revenue Service Center, Fresno, California. Bobye G. Orvis was employed by the County of Fresno, California, from a date prior to January 1, 1978, until mid-June 1978, when she terminated her employment. While employed by the County, Mrs. Orvis was required to contribute *148 to the Fresno County Employees Retirement Association pension plan (FCERA plan). The FCERA plan is a defined benefit plan, described in section 219(b)(2)(A)(iv), and further governed by the County Employees Retirement Law of 1937, Cal. Govt. Code sec. 31450 et seq. (West 1968). Actuarially determined contributions to the FCERA plan are made by the employee and the employer, Fresno County. Employee contributions earn interest fromthe time of deposit until withdrawal upon termination or retirement. Employee contributions are mandatory and may not be waived unless the employee is over the age of 60. Employer contributions are not determined on an individual basis, but are made on a lump-sum basis as a percentage of gross payroll. An employee terminating his employment with less than five years of service receives a refund of his contributions with accrued interest. If a former employee returns to work with the County, an election may be made to reenter the FCERA plan. Credit for prior service is available upon redeposit by the employee of the contributions and interest previously withdrawn, plus interest accrued from the date of withdrawal to date of redeposit. When *149 Bobye G. Orvis terminated her employment with the County in June 1978, she received a refund of her contributions to the FCERA plan plus interest. As a result of the refund, Mrs. Orvis was no longer covered by the FCERA plan, and all future benefits under the plan were forfeited. She was not covered by a pension plan during the remainder of the taxable year 1978. In September 1978, Mrs. Orvis established an IRA under section 219 and contributed $1,500, which was claimed as a deduction on petitioners' Federal income tax return for the taxable year 1978. During 1978, Thomas V. Orvis was also employed by the County of Fresno, California, as a district attorney. In that capacity, Mr. Orvis was required to use his personal automobile to perform his official duties. Fresno County has a policy of fully reimbursing its employees for such automobile expenses, and Mr. Orvis was entitled to claim such reimbursements, but did not claim reimbursement. He did not know that Fresno County had a reimbursement policy until after 1978. Mr. Orvis paid automobile expenses in connection with his official duties for business purposes in the amount of $1,275 during the taxable year 1978 and *150 deducted them from adjusted gross income on the joint return for the taxable year 1978. In his statutory notice of deficiency, the Commissioner disallowed the $1,500 deduction for an IRA contribution claimed by petitioners on their 1978 joint Federal income tax return because "it has not been established [petitioner Bobye G. Orvis was] not an active participant in a qualifying pension plan during the year." [2] The Commissioner also disallowed the $1,275 deduction claimed by petitioners as automobile business expenses because petitioners had not established that "any amount was for an ordinary and necessary business expense, or was expended for the purpose designated." OPINION Two issues to be decided are:[3] (1) whether Bobye G. Orvis was an active participant in a plan described in section 219(b)(2)(A)(iv) at any time during 1978, and was thus precluded from deducting contributions made to an IRA in that year; and (2) whether employee business expenses for an automobile used in official business by Mr. Orvis are deductible by petitioners under section *151 162, when reimbursement was available from Fresno County, but was not sought. Petitioners present two arguments for permitting an IRA deduction despite Mrs. Orvis' apparent participation in a qualified plan. The first is that her status was not "active," i.e., that no contributions were set aside specifically for her by her employer, Fresno County, and that Mrs. Orvis forfeited any future rights in the plan when she terminated employment with the County and withdrew her contributions. Their second argument is that no double tax benefit can arise from permitting participation in the FCERA plan and contribution to an IRA in the same calendar year, citing Foulkes v. Commissioner,638 F.2d 1105 (7th Cir. 1981), revg. a Memorandum Opinion of this Court. Respondent contends that Bobye G. Orvis was an active participant for a portion of the 1978 taxable year and factually distinguishes Foulkes,supra. Respondent also argues that petitioner will realize a double tax benefit *152 if Mrs. Orvis is reinstated in the FCERA plan, with deferral of taxation on both the employer contributions and the income accruing to the FCERA funds, even assuming that her contributions are made with after-tax dollars. [4]
The pertinent parts of section 219, added to the Internal Revenue Code by section 2002(a)(1) of the Employee Retirement Income Security Act of 1974, Pub. L. 93-406, 88 Stat. 829, 958, provide: (a) Deduction Allowed.--In the case of an individual, there is allowed as a deduction amounts paid in cash during the taxable year by or on behalf of such individual for his benefit-- (1) to an individual retirement account described in section 408(a), * * * (b) Limitations and Restrictions.-- * * * (2) Covered by Certain Other Plans.--No deduction is allowed under subsection (a) for an individual for the taxable year if *153 for any part of such year-- (A) he was an active participant in-- * * * (iv) a plan established for its employees by the United States, by a State or political [sub]division thereof, or by an agency or instrumentality of any of the foregoing * * * [5]
"Active participant" is not defined in sec. 219, but the rationale for the limitation was briefly discussed in the report of the House Ways and Means Committee: Generally, for purposes of the retirement savings deduction, an employee is to be considered an active participant in a plan if, for the year in question, benefits are accrued under the plan on his behalf (as in a defined benefit pension plan), * * *. An individual is to be considered an active participant in a plan if he is accruing benefits under the *154 plan even if he only has forfeitable rights to those benefits. Otherwise, if an individual were able to, e.g., accrue benefits under a qualified plan and also make contributions to an individual retirement account, when he later becomes vested in the accrued benefits he would receive tax-supported retirement benefits for the same year both from the qualified plan and the retirement savings deduction. * * * [6]
Active participation requires only that there be an accrual of benefits on behalf of the employee or contributions made to the plan, and is not negated by subsequent forfeiture. Anthes v. Commissioner,81 T.C. 1 (1983); Horvath v. Commissioner,78 T.C. 86 (1982); Guest v. Commissioner,72 T.C. 768 (1979); Orzechowski v. Commissioner,69 T.C. 750 (1978), affd. 592 F.2d 677 (2d Cir. 1979). The issues then are whether the interest held by Mrs. Orvis in the FCERA plan during early 1978 was that of "active participant" for any part of such year, and if so, whether the termination negated any potential *155 for double tax benefits. The FCERA plan is a government pension plan, described in section 219(b)(2)(A)(iv), which provides retirement benefits with tax advantages to the participants. The plan requires periodic contributions from both employer and employee. The contributing employee accrues benefits during tenure. A former employee can regain the accrued service time upon reemployment by merely recontributing the withdrawn employee contributions with interest. The plan is not unlike many other plans in denying vesting until a certain minimum number of years have passed, nor is it unusual in keying employer contributions to a percentage of payroll. Mrs. Orvis was an active participant in the FCERA plan during 1978. In the alternative, using the approach in Foulkes v. Commissioner,supra, petitioners argue that active participation, once terminated, should be ignored when there is no potential for double tax benefit, measured at the end of the calendar year. In Foulkes,supra, the taxpayer was an active participant for a portion of the taxable year. However, the Commissioner stipulated and the Court found that there was *156 no potential whatsoever for a double tax benefit under the circumstances. The pension plan did not include the break-in-service rules of section 411(a)(6), which provide that a prior employee returning to service is not treated as a new employee but may, under certain conditions, receive credit for the previous time of employment. As a result, Foulkes had no opportunity to recover the accrued benefits after termination and forfeiture. The Serventh Circuit, relying upon the legislative intent behind the exclusion, determined that the terminated participation did not preclude Foulkes from opening an individual retirement account because of the certainty that no double tax benefit could occur. 638 F.2d at 1109-1110. The situation in the instant case is clearly different, and more closely parallels the numerous cases that have distinguished Foulkes on its facts. [7] The parties have stipulated that Bobye G. Orvis could reenter the FCERA plan, thus regaining the benefit of deferred taxation for her employer's contributions and future income on both employer and employee contributions. Petitioners argue that there has been no reemployment, that there is *157 not likely to be any reemployment, and that recontribution of the withdrawn funds plus interest required for reentry to the FCERA plan is unlikely. It is clear, however, that Bobye G. Orvis had, and still has, the ability to be reinstated in the FCERA plan, to revive the benefits accrued during Mrs. Orvis' tenure with Fresno County, and to defer taxation on contributions and income of the plan. The likelihood of such an event must merely be such as to create a "potential" for double benefits. We find that such a potential existed at the end of the 1978 taxable year. Hildebrand v. Commissioner,683 F.2d 57 (3d Cir. 1982), affg. a Memorandum Opinion of this Court; Johnson v. Commissioner,661 F.2d 53 (5th Cir. 1981), affg. 74 T.C. 1057 (1980); Anthes v. Commissioner,supra;Hauser v. Commissioner,78 T.C. 930 (1982); Horvath v. Commissioner,supra;Orzechowski v. Commissioner, supra.
*158 Taxable income must be determined on the basis of a taxable year. Sec. 441. The Commissioner is not required to determine the probability of reemployment and recontribution at some indefinite future date. We have found that Mrs. Orvis was indeed an active participant in the FCERA plan during part of taxable year 1978 and that there was a potential for double tax benefit as of the close of that year; therefore, no deduction is available to petitioners for Mrs. Orvis' contribution to an IRA under section 219(a). [8]
*159 The second issue for decision is whether petitioners are entitled to a deduction for automobile expenses paid by Mr. Orvis during the taxable year 1978 when his employer, Fresno County, had a policy of reimbursing those expenses. Petitioners argue that these expenses would be deductible as a business expense if there were no reimbursement available, and that Mr. Orvis' failure to seek reimbursement should be no impediment to deductibility. Respondent, citing Podems v. Commissioner,24 T.C. 21 (1955), claims that business expenses are not "necessary" where reimbursement is possible. The deductibility of business expenses by an employee under section 162(a) is conditioned by the requirement that such expenses be both "ordinary" and "necessary." The pertinent parts of section 162 provide: (a) In General.--There shallbe allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business * * * *160 Employee business expenses paid on behalf of an employer who reimburses such costs may not be converted into trade or business expenses by failure to seek reimbursement. Stolk v. Commissioner,40 T.C. 345, 356 (1963), affd. per curiam 326 F.2d 760 (2d Cir. 1964); Podems v. Commissioner,supra at 22-23. The expenses are not a necessary cost to the taxpayer when reimbursement is available from the entity for which the costs were paid, and are therefore not deductible under section 162(a). Coplon v. Commissioner,277 F.2d 534 (6th Cir. 1960), affg. a Memorandum Opinion of this Court; Heidt v. Commissioner,274 F.2d 25 (7th Cir. 1959), affg. a Memorandum Opinion of this Court; Lucas v. Commissioner,79 T.C. 1, 6-7 (1982); Fountain v. Commissioner,59 T.C. 696, 708 (1973); Kennelly v. Commissioner,56 T.C. 936, 943 (1971), affd. without published opinion 456 F.2d 1335 (2d Cir. 1972). The parties were asked to brief the possibility of allowing the deduction of these business expenses based upon parallel treatment with casualty losses *161 for which insurance proceeds are not claimed. Section 165(a) permits deductions for such losses if "not compensated for by insurance or otherwise." In Hills v. Commissioner,76 T.C. 484 (1981), affd. 691 F.2d 997 (11th Cir. 1982), this Court refused to equate "compensated for by insurance" with "covered by insurance." A loss is incurred by the taxpayer at the timeof the casualty. The election of whether or not to claim insurance proceeds from the insurer is left with the taxpayer. The taxpayer is not required to file an insurance claim that might result in cancellation of the policy. [9] If the taxpayer elects not to take the risk of claiming proceeds, by insurance or otherwise, and does not, in fact, receive compensation for the loss, section 165(a) permits the deduction.
Given the rationale of *162 the holdings in the casualty loss cases based upon the specificity of section 165(a), we cannot justify extending such holdings to the facts in this case which involve reimbursable employee business expenses. The parties were further asked to brief the deductibility of these expenses as a charitable contribution under section 170(c)(1). [10] A charitable contribution could occur either at the time that the expenses are paid, or at the time that Mr. Orvis forgives the County's alleged debt by waiver of reimbursement. [11] The record contains no evidence that Mr. Orvis intended to make a contribution or gift, nor the indicia of forgiveness of a formal debt. [12] These expenses were ordinary, reimbursable, employee business expenses and the record does not indicate that petitioners treated these expenses as a charitable contribution or a debt from a charitable organization at any time during the period at issue. *163 Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect for the relevant years.↩
2. An excise of 6 percent of the excess contribution, i.e., 6 percent of $1,500, was also imposed under sec. 4973.↩
3. The parties have stipulated that the imposition of the excise tax on excess contributions is derivative and depends on resolution of the deductibility of the contribution.↩
4. Respondent also relies upon sec. 1.219-2(b)(1) and sec. 1.219-2(e), Income Tax Regs.↩ These provisions are effective for taxable years beginning after December 31, 1978. The taxable year at issue, however, is 1978.
5. Sec. 219↩ has subsequently been amended by sec. 311(1) of the Economic Recovery Tax Act of 1981, Pub. L. 97-34, 95 Stat. 172, 274, to allow deductions for contributions to an IRA irrespective of participation in a qualified plan. The amendment is effective for taxable years beginning after December 31, 1981.
6. H. Rept. 93-807 (1974), 1974-3 C.B. (Supp.) 236, 363-364.↩
7. Hildebrand v. Commissioner,683 F.2d 57 (3d Cir. 1982), affg. a Memorandum Opinion of this Court; Johnson v. Commissioner,661 F.2d 53 (5th Cir. 1981), affg. 74 T.C. 1057 (1980); Anthes v. Commissioner,81 T.C. 1, 4 (1983); Hauser v. Commissioner,78 T.C. 930, 939 (1982); Horvath v. Commissioner,78 T.C. 86, 90 (1982); Chapman v. Commissioner,77 T.C. 477, 480↩ (1981).
8. A distinction has been drawn between accrued benefits which are not yet vested or which are forfeitable, as in this case, and participation in a plan from which the taxpayer can never receive benefits. In Hauser v. Commissioner,supra, the Court found no potential for double tax benefit where the taxpayer was ineligible to ever receive any benefits from the company plan. The taxpayer was 56 when hired, and the plan required a minimum of 10 years service before the age of 65. Similarly, in Turner v. Commissioner,T.C. Memo. 1981-598, the taxpayer's age and the then-existing Air Force retirement plan rules combined to create a virtual impossibility that benefits would ever be received. The uncertainties caused by delayed vesting and possible forfeiture do not, however, by themselves negate the potential for double tax benefit. Orzechowski v. Commissioner,69 T.C. 750 (1978), affd. 592 F.2d 677↩ (2d Cir. 1979).
9. Accord, Miller v. Commissioner,T.C. Memo. 1981-431, affd. 733 F.2d 399↩ (6th Cir. 1984). Even if the policy was not canceled, the taxpayer might have to pay higher insurance premiums as a result of a claim made.
10. Sec. 170(c)(1) provides: (c) Charitable Contribution Defined.--For purposes of this section, the term "charitable contribution" means a contribution or gift to or for the use of-- (1) A State, * * * or any political subdivision of any of the foregoing, * * * but only if the contribution or gift is made for exclusively public purposes. ↩
11. Out-of-pocket expenses in excess of available reimbursement, incurred on behalf of a charitable organization, are deductible--deductible under sec. 170 if the taxpayer has no profit motive, and sec. 162 if there is a profit motive. Upham v. Commissioner,16 B.T.A. 950, 951. (1929); Wolfe v. McCaughn,5 F. Supp. 407, 410 (E.D. Pa. 1933); Rev. Rul. 79-142, 1979-1 C.B. 58. If the taxpayer has no profit motive, a claim for reimbursement is not a necessary prerequisite to deductibility. Upham v. Commissioner,supra.↩
12. Forgiveness of a charitable organization's debt to the taxpayer creates a deduction in the year of forgiveness. Story v. Commissioner,38 T.C. 936 (1962). The debt must, however, be legally valid, and supported by normal indicia of an enforceable debt. Jeppsen v. Commissioner,T.C. Memo. 1978-343; Jeppsen v. Commissioner,T.C. Memo. 1977-274↩.