T.C. Memo. 2000-41

UNITED STATES TAX COURT

DAVID EDWARD NEUMEISTER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 11542-98.                    Filed February 8, 2000.

David Edward Neumeister, pro se.

<u>Steven Knox</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

ARMEN, <u>Special Trial Judge</u>:  Respondent determined a deficiency in petitioner's Federal income tax for the taxable year 1996 in the amount of $574.  After concessions by petitioner,[1] the issue for decision is whether petitioner is

---

[1]  Petitioner concedes that if he is entitled to a deduction
(continued...)

entitled to a deduction in the amount of $1,763 for a contribution to an individual retirement account (IRA). We hold that he is not.

## FINDINGS OF FACT

Some of the facts have been stipulated, and they are so found. Petitioner resided in Lansing, Michigan, at the time that his petition was filed with the Court.

During the year in issue, petitioner was employed as a teacher by the Lansing school district in Michigan. During that year, petitioner was an active participant in the Michigan Public School Employees' Retirement System (the MPSERS). MPSERS is governed by the State of Michigan's Public School Employees' Retirement Act of 1979, as amended, 1980 Mich. Pub. Acts 300, Mich. Comp. Laws, sec. 38.1301-38.1408, and is provided by Michigan on a statewide basis to all of Michigan's public school employees. Section 108 of that Act, Mich. Comp. Laws sec. 38.1408, provides the following:

> This state intends that the retirement system be a qualified pension plan created in trust under section 401 of the internal revenue code and that the trust be

---

[1](...continued)
for a contribution to an individual retirement account, his deduction should be limited to $1,763, the amount he actually contributed to an IRA, rather than the $2,000 he claimed on his return. Petitioner also concedes that a $40 adjustment to his miscellaneous itemized deductions is purely mechanical. See sec. 67.

an exempt organization under section 501 of the
internal revenue code. * * *

On his return for the year in issue, petitioner claimed a $2,000 deduction for a contribution to an IRA and reported adjusted gross income (AGI) of $37,475. By notice of deficiency, respondent disallowed the entire IRA deduction. Specifically, respondent disallowed the deduction to the extent of $1,763 on the ground that petitioner was an active participant of an employer-sponsored plan as defined in section 219(g)(5)(A).[2]

OPINION

In general, a taxpayer is entitled to deduct the amount contributed to an IRA. See sec. 219(a); sec. 1.219-1(a), Income Tax Regs. The deduction in any taxable year, however, may not exceed the lesser of $2,000 or an amount equal to the compensation includable in the taxpayer's gross income for such taxable year. See sec. 219(b)(1). In addition, the amount of the deduction is limited where the taxpayer is, for any part of the taxable year, an "active participant" in a retirement plan qualified under section 401(a) or a plan established for its employees by the United States, by a State or political subdivision thereof, or by any agency or instrumentality of any of the foregoing. See sec. 219(g)(1), (5)(A)(i), (iii). In the

---

[2] Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the taxable year in issue.

case of a taxpayer who files a return as a single individual, the deduction is reduced using a ratio determined by dividing the excess of the taxpayer's modified adjusted gross income[3] (modified AGI) over $25,000, by $10,000.  See sec. 219(g)(2) and (3).  This provision results in a total disallowance of the IRA deduction where the total modified AGI exceeds $35,000.  See Felber v. Commissioner, T.C. Memo. 1992-418, affd. without published opinion 998 F.2d 1018 (8th Cir. 1993).  Because petitioner reported modified AGI of $39,475 on his 1996 income tax return, he is not entitled to any IRA deduction if he was an active participant in a plan defined in section 219(g)(5)(A) during 1996.

Petitioner contends that although he was an active participant in the MPSERS, the MPSERS is not a plan defined in section 219(g)(5)(A)(iii).  Petitioner refers us to the fact that he is an employee of the Lansing school district.  As such, petitioner claims that he is not an "employee" of the State of Michigan, the government unit responsible for establishing and maintaining the MPSERS.  Petitioner concludes, therefore, that because the MPSERS was not established by his employer, the Lansing school district, he was not an active participant in a

---

[3] As relevant herein, modified adjusted gross income means adjusted gross income computed without regard to any deduction for an IRA.  See sec. 219(g)(3)(A).

plan described in section 219(g)(5)(A)(iii) as a plan "established for its employees * * * by a State or political subdivision thereof". We disagree with petitioner.

Petitioner would have us construe the language of section 219(g)(5)(A)(iii) much more narrowly than we are willing to do. The legislative history of section 219 establishes that the section was enacted in an attempt to achieve some degree of parity between those individuals who have access to tax-advantaged retirement plans through employment and those individuals who do not. See H. Rept. 93-779, at 127 (1974), 1974-3 C.B. 244, 370; H. Rept. 93-807, at 128 (1974), 1974-3 C.B. (Supp.) 236, 363 (providing that the deduction for contributions to individual retirement accounts is to be available only where an individual "does not participate in any other tax-supported retirement plan"); H. Conf. Rept. 93-1280, at 355 (1974), 1974-3 C.B. 415, 496-498. Thus, active participants of tax-advantaged plans with income above various levels are denied completely the tax deduction that is provided by section 219 to individuals who are not otherwise covered by similar tax-advantaged retirement plans. See sec. 219(g)(5).

The Lansing school district is a part of the Michigan public school system. The MPSERS was established by the State of Michigan for its public school employees. Petitioner, through his employment with the Lansing school district, had the

opportunity to participate in, and indeed did participate in, such an employment-based, tax-advantaged plan. Given these facts, the distinction that petitioner makes regarding his employer's being the Lansing school district rather than the State of Michigan is inconsequential. The fact remains that petitioner was an active participant in an employment-based, tax-advantaged retirement plan provided by the State. We hold therefore that petitioner actively participated in a plan established by a State or a political subdivision thereof for its employees, see sec. 219(g)(5)(A)(iii), and is not entitled to a tax deduction for his contribution.

Alternatively, the record establishes that the MPSERS is a plan described in section 401(a) and a trust exempt from tax under section 501(a). Thus, petitioner is not entitled to an IRA deduction because he was an active participant in a plan described in section 219(g)(5)(A)(i).

To reflect our disposition of the disputed issue, as well as petitioner's concessions,

Decision will be entered for respondent.