T.C. Memo. 2001-114

UNITED STATES TAX COURT

JOHN & CHRISTINA WADE, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 11521-99.                        Filed May 14, 2001.

<u>Erwin A. Rubenstein</u>, for petitioners.

<u>Gregory C. Okwuosah</u>, for respondent.

MEMORANDUM OPINION

GOLDBERG, <u>Special Trial Judge</u>:  Respondent determined a
deficiency in petitioners' Federal income tax of $1,120 for the
taxable year 1996.  Unless otherwise indicated, section
references are to the Internal Revenue Code in effect for the
year in issue, and all Rule references are to the Tax Court Rules
of Practice and Procedure.

The sole issue for decision is whether petitioners are entitled to deduct $4,000 for contributions to their individual retirement accounts (IRA's) in 1996.

This case was submitted fully stipulated pursuant to Rule 122. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time the petition was filed, petitioners resided in Ann Arbor, Michigan. Petitioners are husband and wife. References to petitioner in the singular are to Christina Wade.

Petitioner was a part-time employee of Washtenaw Community College (WCC) of the Michigan public school system during taxable year 1996. As a part-time employee of WCC during 1996, petitioner was required to become a member of the Michigan Public School Employees Retirement System (MPSERS). The MPSERS' Member Investment Plan (plan) is a statewide employer-sponsored qualified defined benefit plan. Participation in the MPSERS is mandatory under the Public School Employees Retirement Act of 1979 (the Act), as amended, Mich. Comp. Laws, sec. 38.1301-38.1408 (1997), for all public school full-time, part-time, teaching and nonteaching, employees, including short-term and interim employees except for a few specific groups exempt by law. Because petitioner's position with WCC was not exempt by law, she was automatically enrolled in the plan as a part-time employee in 1996.

Section 108 of the Act, Mich. Comp. Laws sec. 38.1408, provides the following: "This state intends that the retirement system be a qualified pension plan created in trust under section 401 of the internal revenue code and that the trust be an exempt organization under section 501 of the internal revenue code. * * *"

Upon automatic enrollment in the plan, petitioner was required to contribute 3 percent of the first $5,000 of compensation. Consequently, $84.89 was automatically contributed to the plan by WCC from petitioner's total compensation in 1996 of $2,830.

In order to qualify to receive benefits under the plan, petitioner must earn at least 10 years of credited service and be at least 60 years old. A single credit year is earned upon performing Michigan public school work for 170 days at 6 or more hours per day within the school fiscal year of July 1 through June 30. No more than 1 year of credit may be earned within 1 school fiscal year, and proportionate service credit is granted for less than full-time employment. If petitioner is unable to reach the 10-year minimum amount of service credit, then she will not receive any retirement benefits. During calendar year 1996 petitioner worked 169.50 hours. Based upon the MPSERS calculation, which is part of the stipulation of facts, petitioner earned 0.083 years of service credit during 1996,

which did not entitle her to receive any regular plan benefits. At no time did petitioner receive benefits under the plan.

In 1996, petitioners contributed $2,000 each to their respective IRA's. On their 1996 joint Federal income tax return, they claimed an IRA deduction of $4,000 and reported adjusted gross income of $77,142. Respondent determined that petitioners were not entitled to their IRA deduction pursuant to section 219(g).

In general, a taxpayer is entitled to deduct amounts contributed to an IRA. See sec. 219(a); sec. 1.219-1(a), Income Tax Regs. The deduction in any taxable year, however, may not exceed the lesser of $2,000 or an amount equal to the compensation includable in an individual taxpayer's gross income for such taxable year. See sec. 219(b)(1). The maximum amount that may be deducted is further limited where the taxpayer or spouse of the taxpayer is an "active participant" in certain retirement plans. Sec. 219(g)(1). An "active participant" is defined by section 219(g)(5) as an individual--

(A) who is an active participant in--

   (i) a plan described in section 401(a) which includes a trust exempt from tax under section 501(a),

   (ii) an annuity plan described in section 403(a),

   (iii) a plan established for its employees by the United States, by a State or political subdivision thereof, or by an agency or instrumentality of any of the foregoing,

(iv) an annuity contract described in section 403(b),

(v) a simplified employee pension (within the meaning of section 408(k)), or

(vi) any simple retirement account (within the meaning of section 408(p)), or

(B) who makes deductible contributions to a trust described in section 501(c)(18).

The determination of whether an individual is an active participant shall be made without regard to whether or not such individual's rights under a plan, trust, or contract are nonforfeitable.  An eligible deferred compensation plan (within the meaning of section 457(b)) shall not be treated as a plan described in subparagraph (A)(iii).

In the case of a taxpayer who is an active participant and who files a joint return, the $2,000 limitation of section 219(b)(1)(A) is reduced using a ratio determined by dividing the excess of the taxpayers' modified adjusted gross income (modified AGI)[1] over $40,000, by $10,000.  See sec. 219(g)(2) and (3).  The defined benefit plan provided by MPSERS was a plan described in section 219(g)(5)(A)(i).  See Neumeister v. Commissioner, T.C. Memo. 2000-41, affd. without published opinion 2001-1 USTC par. 50,235, 87 AFTR 2d 2001-819 (6th Cir. 2001).  The formula set forth in section 219(g)(2) and (3) results in a total disallowance of the IRA deduction where the total modified AGI reported on a joint return exceeds $50,000.  See id.  Because

---

[1]    As relevant herein, modified adjusted gross income means adjusted gross income computed without regard to any deduction for an IRA.

petitioners reported a modified AGI of $77,809 on their 1996 Federal income tax return, they are not entitled to any IRA deduction if petitioner was an active participant in a plan during 1996.

Petitioners contend that petitioner was not an active participant in the plan because she earned only 0.083 years of service credit during 1996, and, at that rate, they further argue that it would take "over 120 years to accumulate the minimum 10.0 years of credited service" to receive any regular retirement benefits. We disagree.

This Court has previously held that a person can be an active participant even though she had only forfeitable rights to plan benefits and those rights were, in fact, forfeited prior to becoming vested. See Eanes v. Commissioner, 85 T.C. 168, 170 (1985) (citing Hildebrand v. Commissioner, 683 F.2d 57, 58 (3d Cir. 1982), affg. T.C. Memo. 1980-532); Wartes v. Commissioner, T.C. Memo. 1993-84. Although Eanes involved an earlier version of section 219,[2] we apply its reasoning to the facts of the instant case. Eanes involved a taxpayer who forfeited all rights under an employer's retirement plan when he left after only 3

---

[2] Sec. 219, as applicable to 1981, the year in issue in Eanes v. Commissioner, 85 T.C. 168, 170 (1985) (citing Hildebrand v. Commissioner, 683 F.2d 57, 58 (3d Cir. 1982), affg. T.C. Memo. 1980-532), did not include a definition of "active participant". The flush language currently contained in sec. 219(g)(5), referring to whether the individual's rights under the plan are forfeitable, was then only found in the legislative history.

months. Despite the short time the taxpayer worked, we held that he was an active participant in his employer's plan and was not entitled to a deduction under section 219. We stated: "While the result to petitioner seems harsh, we cannot ignore the plain language of the statute, and, in effect, rewrite this statute to achieve what would appear to be an equitable result." Eanes v. Commissioner, supra at 171 (citing Hildebrand v. Commissioner, supra at 59). In the instant case, petitioner's position is weaker than that of the taxpayer in Eanes because there is no showing that petitioner, through retirement, discharge or otherwise, has forfeited her service credit with the MPSERS.

Moreover, under section 1.219-2(e), Income Tax Regs., "If an employee makes a voluntary or mandatory contribution to a [defined benefit] plan * * * such employee is an active participant in the plan for the taxable year in which such contribution is made." (Emphasis added.) As required under the Act, petitioner personally contributed $84.89, or 3 percent of the first $5,000 of compensation, to the plan during 1996.

Petitioners further contend that under their interpretation of section 1.219-2(b), Income Tax Regs., petitioner was not an active participant in the plan. The pertinent part of section 1.219-2(b), Income Tax Regs., provides the following:

> An individual whose compensation for the plan year ending with or within his taxable year is less than the amount necessary under the plan to accrue a benefit is not an active participant in such plan.

Petitioners' reliance on the above regulation is misplaced. A plain reading of the regulation indicates that the regulation refers to a plan which utilizes compensation levels to distinguish who is eligible to accrue benefits under the plan. The record lacks any evidence that MSPERS utilized an eligibility scheme based on compensation. The plan clearly indicates that petitioner's eligibility was mandatory and automatic; whereas, actual receipt of any benefits turned on petitioner's ability to meet the minimum service credits and age requirement. Section 1.219-2(b), Income Tax Regs., does not address petitioner's eligibility to receive benefits under the MPSERS plan.

At the heart of petitioners' argument is an equitable plea which this Court has addressed on previous occasions. It is sufficient to say that petitioners, in effect, are asking us to legislate changes in the statute as enacted by Congress. The power to legislate is exclusively the power of Congress and not of this Court. See <u>Iselin v. United States</u>, 270 U.S. 245, 250 (1926).

Upon the basis of the record, we find that petitioner was an "active participant" in a qualified plan during 1996. Accordingly, petitioners are not entitled to deduct their IRA contributions. See sec. 219(g)(1) and (2). We have considered all arguments by the parties, and, to the extent not discussed above, conclude they are irrelevant or without merit.

To reflect the foregoing,

Decision will be entered

for respondent.