*Decisions will be entered under Rule 155.*[46]

THOMAS S. AND BARBARA EANES, PETITIONERS *V.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 30611–84.    Filed July 30, 1985.

---

Thomas S. Eanes, pro se.
*Lynn L. Casimir,* for the respondent.

PANUTHOS, *Special Trial Judge*: This case was heard pursuant to the provisions of section 7456(d) of the Code.[1]

Respondent determined a deficiency of $474.10 in petitioner's[2] 1981 Federal income tax. The issue for decision is whether petitioner is entitled to a deduction of $1,500 for a contribution to an Individual Retirement Account (IRA).[3]

At the time of filing his petition, petitioner resided in Alameda, California. Some of the facts have been stipulated and are incorporated herein by this reference.

### FINDINGS OF FACT

Petitioner was employed by Tudor Engineering Co. from November 3, 1980, through March 27, 1981. Throughout 1980 and 1981, the company maintained a retirement plan based on profit-sharing. Petitioner, as an employee of the company, was eligible to participate in the plan.

From January through March 1981, petitioner made voluntary contributions to the plan. His contributions totaled $181.10. This amount was refunded to him in March when he terminated his employment with the company.

Under the terms of the company's retirement plan, 1 year of service is a fiscal year during which an employee is credited with at least 1000 hours of service. A one-year break in service occurs if an employee is credited with less than 500 hours of service for a fiscal year. This determination is made as of December 31. When an employee terminates his employment during a plan year and incurs a 1-year break in service, the employee forfeits any nonvested employer contributions. These contributions are then distributed to the accounts of the remaining participants. An employee's own contributions are returned to him. As the plan existed in 1981, if an employee

---

[1] All section references are to the Internal Revenue Code of 1954 as amended, unless otherwise indicated.

[2] We will refer to Thomas Eanes as petitioner.

[3] In his answer, filed May 2, 1985, respondent claimed an increased deficiency of $90 in excise tax pursuant to secs. 4973 and 6214.

were subsequently reemployed after a 1-year break in service, he would be treated for purposes of the plan in the same manner as any new employee because he had previously irrevocably forfeited his non-vested rights in the plan.

In 1981, petitioner was credited with 469 hours of service. Since he terminated his employment in March, petitioner forfeited the $693.53 which the company had voluntarily contributed to his account, and a 1-year break in service occurred. When petitioner left the company he had accumulated no years of service under the plan nor any vested rights under the plan. If he were reemployed by the company he would receive no credit for his previous participation in the plan.

Petitioner made contributions during the year of $1,500 to an IRA. Petitioner deducted this amount on his 1981 Federal income tax return. Respondent disallowed petitioner's deduction under section 219(a) for the IRA contribution because he determined that petitioner was an active participant in a qualified retirement plan. Petitioner argues that since he has forfeited all rights under the plan, no potential for a double tax benefit exists. Petitioner relies on *Foulkes v. Commissioner*, 638 F.2d 1105 (7th Cir. 1981), revg. T.C. Memo. 1978–498.

OPINION

Section 219, as applicable for 1981, allows for the taxable year, a deduction of up to $1,500 for a contribution to an IRA described in section 408(a). Nevertheless, section 219(b)(2)(A)(i) provides that no deduction for a contribution to an IRA will be allowable for a taxable year for any individual who was an active participant in a qualified pension plan for any part of such year.[4] A person can be considered an active participant even though he had only forfeitable rights to plan benefits and those rights were, in fact, forfeited prior to becoming vested. *Hildebrand v. Commissioner*, 683 F.2d 57, 58 (3d Cir. 1982), affg. T.C. Memo. 1980–532; *Horvath v. Commissioner*, 78 T.C. 86 (1982); *Orzechowski v. Commissioner*, 69 T.C. 750 (1978), affd. 592 F.2d 677 (2d Cir. 1979).

[4]Sec. 219 has been amended to allow persons covered by qualified plans to take deductions for contributions to IRA's in taxable years beginning after Dec. 31, 1981. See sec. 311(a), Economic Recovery Act of 1981, Pub. L. 97–34, 95 Stat. 172, 274. This change was not made retroactive.

This case is indistinguishable from *Hildebrand v. Commissioner, supra*, and we reach the same conclusion here. Despite the fact that petitioner worked for the company for only 3 months during 1981 and forfeited his rights under the plan, he is not entitled to a deduction for an IRA contribution because he was an active participant in his company's retirement plan. While Congress did not include a definition of active participant in the statute, Congress' intent is clear from the report of the House Committee on Ways and Means:

An individual is to be considered an active participant in a plan if he is accruing benefits under the plan even if he has only forfeitable rights to those benefits. [H. Rept. 93–807 (1974), 1974–3 C.B. (Supp.) 236, 364.]

While the result to petitioner seems harsh, we cannot ignore the plain language of the statute and, in effect, rewrite this statute to achieve what would appear to be an equitable result. See *Hildebrand v. Commissioner*, 683 F.2d at 59. We have considered the case of *Foulkes v. Commissioner, supra*. However, since we find this case to be indistinguishable from *Hildebrand v. Commissioner, supra*, we follow our decision, as affirmed by the Third Circuit, in that case.[5] Whether or not petitioner could potentially receive a double tax benefit is not the critical inquiry. Instead, the significant fact is that petitioner was an active participant in the company's plan during the first 3 months of 1981. *Chapman v. Commissioner*, 77 T.C. 477, 480 (1981); *Johnson v. Commissioner*, 74 T.C. 1057, 1060 (1980), affd. 661 F.2d 53 (5th Cir. 1981).[6]

Finally, section 4973 imposes an excise tax of 6 percent on "excess contributions" made to an IRA during the taxable year. Section 4973(b) defines "excess contributions," for the purpose of the instant case, as the excess of the amount contributed to the IRA for the taxable year over the amount allowable as a deduction under section 219.

Since petitioner is not entitled to a deduction under section 219 for his contribution for $1,500 to an IRA in 1981, the

---

[5] We have found no cases decided on this issue by the Court of Appeals for the Ninth Circuit; this case would be appealable to the Ninth Circuit. *Golsen v. Commissioner*, 54 T.C. 742, 751 (1970), affd. 445 F.2d 985 (10th Cir. 1971), cert. denied 404 U.S. 940 (1971).

[6] We have followed this approach in many cases. E.g., *Van Sant v. Commissioner*, T.C. Memo. 1984–535; *Craine v. Commissioner*, T.C. Memo. 1984–513; *Pizor v. Commissioner*, T.C. Memo. 1979–487; *Kacin v. Commissioner*, T.C. Memo. 1979–410; *Cooper v. Commissioner*, T.C. Memo. 1979–256.

entire $1,500 represents an excess contribution subject to the excise tax. *Orzechowski v. Commissioner*, 69 T.C. at 755–756. This result follows despite petitioner's misunderstanding of the requirements of section 219. "Willfulness is not an element in the imposition of the excise tax under section 4973." *Johnson v. Commissioner*, 74 T.C. at 1061.[7] The section 4973 tax is imposed to offset the benefit that would otherwise flow from exempting from current taxation the earnings on contributions that exceed the maximum permitted contributions. *Benbow v. Commissioner*, 82 T.C. 941, 950–951 (1984), on appeal (6th Cir. and 7th Cir., Nov. 26, 1984); *Boggs v. Commissioner*, 83 T.C. 132, 152–153 (1984), on appeal (4th Cir. and 6th Cir., Jan. 10, 1985).

Accordingly, respondent's determination is sustained.

*Decision will be entered for the respondent.*

---

[7]See also *Day v. Commissioner*, T.C. Memo. 1985–251.