T.C. Summary Opinion 2001-149

UNITED STATES TAX COURT

CHARLES FREDERICK HELD, JR., Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6972-00S.                    Filed September 24, 2001.

Charles Frederick Held, Jr., pro se.

Steven M. Webster, for respondent.


PAJAK, Special Trial Judge:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue.

Respondent determined a deficiency in petitioner's 1997 Federal income tax return in the amount of $560. This Court must decide whether petitioner is entitled to a deduction in the amount of $2,000 for contributions to his individual retirement account (IRA) for the taxable year 1997.

Some of the facts in this case have been stipulated and are so found. Petitioner resided in Charlotte, North Carolina, at the time he filed his petition.

Petitioner Charles Frederick Held, Jr. (petitioner) is a computer network administrator. During 1997, petitioner was employed by McNeary Insurance Consulting (McNeary) from January to mid-February. During his employment with McNeary, petitioner was covered under a qualified retirement plan. Petitioner contributed $131.03 to the McNeary retirement plan in 1997.

After leaving McNeary, petitioner was employed by Hynes, Inc., Harris Group, and Brantech, Inc., for the remainder of 1997. Petitioner was not covered under a qualified retirement plan during his employment in 1997 by these companies.

During 1997, petitioner also made contributions which totaled $2,000 to his IRA. He deducted the $2,000 in contributions to his IRA on his 1997 Federal income tax return. Petitioner's adjusted gross income for the year in issue exceeded $35,000. Respondent disallowed the IRA deduction.

Petitioner contends that as soon as he ceased working for

McNeary and was not eligible to participate in a qualified retirement plan with any of his subsequent employers, he should be entitled to the IRA deduction because he was not an active participant in a retirement plan for "the vast majority of the tax year 1997" and at the time he filed his return. Respondent contends that during 1997 petitioner was an active participant in an employee retirement plan regardless of the length of time he participated in the plan. Because petitioner was an active participant and his adjusted gross income exceeded the applicable limit, respondent's position is that petitioner was not eligible to deduct contributions to an IRA in 1997 under section 219(g).

In general under section 219(a) an individual is entitled to deduct the amount contributed to an IRA. The amount of the deduction is limited to the lesser of $2,000 or an amount equal to the compensation includable in a taxpayer's gross income for the year. Sec. 219(b)(1). In addition, the amount of the deduction may be limited if the taxpayer was an active participant for any part of the taxable year. Sec. 219(g)(1). An "active participant" is an individual who is an active participant in a section 401 or other employer retirement plan. Sec. 219(g)(5). This limitation results in total disallowance of the deduction for a single taxpayer when the total adjusted gross income exceeds $35,000. Sec. 219(g)(2) and (3). As relevant herein, adjusted gross income is determined without regard to any

- 4 -

IRA deduction. Sec. 219(g)(3)(A).

An individual is an active participant in a defined benefit plan if for any portion of the plan year he is not excluded under the eligibility provisions of the plan. Sec. 1.219-2(b), Income Tax Regs. The determination of whether an individual is an active participant shall be made without regard to whether or not such an individual's rights under a plan are nonforfeitable. Sec. 219(g)(5); Hildebrand v. Commissioner, 683 F.2d 57, 59 (3d Cir. 1982), affg. T.C. Memo. 1980-532; Eanes v. Commissioner, 85 T.C. 168, 170 (1985). If an employee makes "a voluntary or mandatory contribution to * * * [an employer retirement plan] such employee is an active participant in the plan for the taxable year in which such contribution is made." Sec. 1.219-2(e), Income Tax Regs. Petitioner concedes that he contributed to a qualified retirement plan in 1997. Under section 219(g), we find that petitioner was an active participant in an employer retirement plan during 1997.

Petitioner further asks the Court to correct the rigid requirements in section 219 to comport with what he believes is the legislative intent "to permit citizens to save for their retirement." Unfortunately for petitioner, the legislative history of section 219 shows that the deduction for contributions to an IRA is to be available only where an individual "does not participate in any other tax-supported retirement plan." H.

Rept. 93-807, at 128 (1974), 1974-3 C.B. (Supp.) 236, 363.  While the result to petitioner may appear harsh, we cannot ignore the plain language of the statute, and, in effect, rewrite the statute to achieve what would seem a more equitable result. Eanes v. Commissioner, supra at 171.

We find that petitioner was an active participant in an employer retirement plan and because his adjusted gross income exceeded $35,000, he is not entitled to a deduction for his 1997 contributions to an IRA.  Sec. 219(g)(1) and (2).

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered

for respondent.