T.C. Summary Opinion 2001-158

UNITED STATES TAX COURT

MAJID NAEMI, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8339-00S.                    Filed September 26, 2001.

Majid Naemi, pro se.

<u>Michele A. Yates</u>, for respondent.


DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.[1]  The decision to be

_____

[1]All subsequent section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.

entered is not reviewable by any other court, and this opinion should not be cited as authority.

Respondent determined a deficiency of $657 in petitioner's 1997 Federal income tax. Respondent concedes that petitioner is entitled to a refund of Social Security tax in an amount to be determined based upon our resolution of the issue in this case. The sole issue remaining for decision is whether petitioner is entitled to a deduction for a $2,000 contribution to an individual retirement account (IRA).

Some of the facts have been stipulated and are so found. The stipulation of facts and the accompanying exhibits are incorporated herein by reference. Petitioner resided in Falls Church, Virginia, at the time the petition in this case was filed.

## Background

Petitioner was employed by CDI Corporation (CDI) in December 1997 for a period of 2 weeks which included two pay cycles. During both pay periods petitioner contributed to an employer-sponsored retirement plan. Also during the year in issue, petitioner made a $2,000 contribution to his IRA. On Form 1040 of his Federal income tax return filed for 1997, petitioner claimed a deduction of $2,000 for a contribution to an IRA.

By notice of deficiency, respondent disallowed the entire IRA deduction. Respondent agrees that petitioner made a $2,000

contribution to an IRA for the year in issue but argues that petitioner is prohibited from deducting any of that amount during the year in issue. Specifically, respondent contends that petitioner was an "active participant" in an employer sponsored retirement plan as that term is defined in section 219(g)(5)(A).

Petitioner maintains that he is entitled to deduct contributions to his IRA because he was not eligible to participate in CDI's retirement plan. Petitioner also maintains that because his rights in the retirement plan had not vested when his employment terminated, he should not be precluded from deducting his $2,000 IRA contribution.

## Discussion

Section 219(a) generally allows a taxpayer to deduct the amount contributed to an IRA. The deduction in a taxable year, however, may not exceed the lesser of $2,000 or an amount equal to the compensation includable in the taxpayer's gross income for the year. See sec. 219(b)(1). The amount of the deduction may be limited further for a taxpayer who is an "active participant" in a qualified plan under section 401(a). See sec. 219(g)(1), (5)(A)(i).

An individual is an active participant in a qualified plan if, for any part of the year, he is eligible to participate in the plan and makes voluntary or mandatory contributions to the plan. See sec. 219(g); secs. 1.219-1(c)(2), 1.219-2(b)(1), (e),

Income Tax Regs. In the case of a single taxpayer, the deduction is totally disallowed for 1997 if the taxpayer's modified adjusted gross income[2] (modified AGI) exceeds $35,000 for the taxable year.[3] Petitioner reported modified AGI of $120,384.17 in 1997; thus he is not entitled to a deduction if he was an active participant in a qualified retirement plan.

Petitioner does not appear to raise the issue of whether the CDI pension plan is of the type listed in section 219(g)(5). Therefore, we find that petitioner has conceded that CDI's retirement plan is among those listed.

Generally, a deficiency notice is presumed correct, and the taxpayer has the burden of proving it wrong. See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).[4] Petitioner testified that he was not eligible to participate in CDI's plan. The only other evidence in the record is CDI's Form 1099-R, Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc., indicating petitioner's participation in its retirement plan. Respondent

---

[2]Modified adjusted gross income, as relevant herein, is adjusted gross income determined without regard to any deduction for an IRA. See sec. 219(g)(3)(A).

[3]A single taxpayer's deduction for an IRA contribution in 1997 is limited using a ratio determined by dividing the excess of the taxpayer's modified adjusted gross income over $25,000, by $10,000. See sec. 219(g)(2) and (3).

[4]We do not find that the burden-shifting provisions of current sec. 6201(d) or sec. 7491 apply.

argues that the Form 1099-R provides sufficient evidence to sustain a determination that petitioner was both eligible for and an active participant in CDI's retirement plan. We agree. Section 1.219-2(e), Income Tax Regs., does not address a taxpayer's eligibility to receive benefits under a qualified retirement plan; rather it concludes that mere contribution creates active participant status. Petitioner has failed to establish that participation in the plan was voluntary and that he elected not to participate. Based on the scant evidence in the record, we find that petitioner was eligible and thus, was an active participant within the meaning of section 219(g) during the year in issue.

Petitioner was accruing benefits, albeit unvested, under CDI's retirement plan during 1997. Regardless of whether petitioner's rights vested and despite the fact that his contributions were returned to him upon the termination of his employment in 1997, petitioner was an active participant in a qualified retirement plan in 1997. Hildebrand v. Commissioner, 683 F.2d 57, 58 (3d Cir. 1982), affg. T.C. Memo. 1980-532; Eanes v. Commissioner, 85 T.C. 168, 170-171 (1985).

While the result to petitioner appears harsh, we cannot ignore the flush language of the statute and, in effect, rewrite the statute to achieve what seems to be a more equitable result. See Eanes v. Commissioner, supra at 171. "Whether and to what

extent deductions shall be allowed depends upon legislative grace; and only as there is clear provision therefor can any particular deduction be allowed." <u>New Colonial Ice Co. v. Helvering</u>, 292 U.S. 435, 440 (1934).

Because petitioner was an active participant in CDI's qualified retirement plan during 1997 and his gross income for the year exceeded $35,000, petitioner is not entitled to an IRA contribution deduction for tax year 1997.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.