T.C. Summary Opinion 2008-148

UNITED STATES TAX COURT

TED T. AND SOPHIE M. STARNES, Petitioners $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13869-07S.                Filed November 24, 2008.

Ted T. and Sophie M. Starnes, pro sese.

Vicki L. Miller, for respondent.

VASQUEZ, Judge:  This case was heard pursuant to the
provisions of section 7463 of the Internal Revenue Code in effect
when the petition was filed.[1]  Pursuant to section 7463(b), the
decision to be entered is not reviewable by any other court, and

―――――――――――――
    [1]  Unless otherwise indicated, all subsequent section
references are to the Internal Revenue Code in effect for the
year in issue.

this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency of $2,595 in petitioners' 2005 Federal income tax. The issue for decision is whether petitioners' individual retirement account (IRA) contributions for 2005 are deductible pursuant to section 219(g).

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time the petition was filed, Ted T. Starnes (petitioner) and Sophie M. Starnes (Mrs. Starnes) resided in New Mexico.

Petitioners contributed $4,500 each to an IRA at Del Norte Credit Union in 2005. Petitioners claimed a total IRA deduction of $9,000 on their 2005 tax return. Of this amount, petitioners claimed $4,500 as a deduction based on an IRA contribution made on behalf of petitioner and petitioners claimed $4,500 as a deduction based on an IRA contribution made on behalf of Mrs. Starnes.

Respondent disallowed petitioners' $9,000 IRA contribution deduction. Respondent disallowed $4,500 claimed as a deduction for an IRA contribution made on behalf of petitioner because he was an "active participant" in a qualified retirement plan during 2005. Respondent disallowed $4,500 claimed as a deduction for an

IRA contribution made on behalf of Mrs. Starnes because her spouse, petitioner, was an active participant in a qualified retirement plan during 2005 and petitioners' modified adjusted gross income exceeded $160,000.

Petitioner retired from the New Mexico State Aging and Long-Term Services Department (NMSALTSD) on December 31, 1999. During 2005 petitioner received a pension from the State of New Mexico's employee retirement plan. This plan is administered by the Public Employees' Retirement Association of New Mexico (PERA). After an unknown period of retirement, petitioner became reemployed with the NMSALTSD and was a full-time employee of the NMSALTSD in 2005.

Petitioner's reemployment was governed by N.M. Stat. Ann. sec. 10-11-8(C) (LexisNexis Supp. 2007) because NMSALTSD was considered an affiliated public employer. The statute required PERA retirees reemployed with an affiliated public employer to make contributions to PERA once the reemployed retiree was paid or earned over $25,000 annually.[2] The reemployed retiree could continue to receive retirement benefits from PERA in addition to wages paid or earned while working for NMSALTSD, but was not able to receive retirement service credit for the mandatory contributions to PERA. As an alternative, the statute provided

---

[2] Notably, the provision of this statute requiring mandatory contributions expired on Dec. 31, 2006. N.M. Stat. Ann. sec. 10-11-8(C)(2).

that a PERA reemployed retiree could elect to receive retirement service credit for the mandatory contributions to PERA in addition to wages paid or earned, but would be forced to elect to suspend distribution of retirement benefits from PERA; i.e., pension payments. There was no option for a reemployed retiree to elect out of participating in the PERA plan.

During 2005 petitioner earned over $25,000 and was required to make contributions to PERA in the amount of $5,283.95. Petitioner did not elect to suspend receiving his pension payments from PERA.

Petitioner did not receive any service credits in exchange for his $5,283.95 mandatory contribution, which was nonrefundable. The Form W-2, Wage and Tax Statement, issued to petitioner by NMSALTSD for 2005 reflects $61,862.12 in wages and $5,283.95 in retirement contributions. The pension plan box is marked with an "X" indicating that petitioner was a participant in the plan.

Petitioner received $36,573.84 in pension payments from PERA during 2005.

In 2005 petitioners filed a joint Federal income tax return, and their modified adjusted gross income (modified AGI) was

$177,982.[3]  At the close of the 2005 tax year, both petitioners were over the age of 50.

## Discussion

Generally, a taxpayer is entitled to deduct amounts contributed to an IRA.  See sec. 219(a); sec. 1.219-1(a), Income Tax Regs.  The deduction may not exceed the lesser of:  (1) The deductible amount, or (2) an amount equal to the compensation includable in the taxpayer's gross income for such year.  Sec. 219(b)(1).  For 2005 the deductible amount was $4,000, increased by $500 if the taxpayer was age 50 or older before the close of the taxable year.  Sec. 219(b)(5)(A) and (B).  Both petitioners were over the age of 50; accordingly, the deductible amount is $4,500.

The deductible amount of IRA contributions is further limited where the taxpayer or spouse of the taxpayer is an "active participant" in certain retirement plans.  Sec. 219(g)(1).  Section 219(g)(5)(A) lists six types of plans in which the active participant limitation will apply.  Section 219(g)(5)(A)(iii) provides that, an active participant includes an individual who is an active participant in "a plan established for its employees by the United States, by a State or political

---

[3]  As relevant herein, modified adjusted gross income means adjusted gross income computed without regard to any deduction for an IRA contribution.  See sec. 219(g)(3)(A).

subdivision thereof, or by an agency or instrumentality of any of the foregoing".

For a taxpayer who files a joint return, the deduction is reduced using a ratio determined by dividing the excess of the taxpayer's modified AGI over $70,000[4] by $10,000. See sec. 219(g)(2). This provision results in a total disallowance of the IRA deduction where the total modified AGI exceeds $80,000. Because petitioners reported a modified AGI of $177,982 on their 2005 income tax return, petitioner is not entitled to any IRA deduction if he was an active participant in a plan defined in section 219(g)(5)(A) during 2005.[5]

For a taxpayer who is not an active participant but is the spouse of an active participant and files a joint return, the deduction is reduced using a similar ratio. The ratio is determined by dividing the excess of the taxpayer's modified AGI over $150,000[6] by $10,000. This provision results in a total disallowance of the IRA deduction where the total modified AGI exceeds $160,000. Because petitioners reported a modified AGI of

---

[4] The applicable dollar amount in 2005 for an active participant was $70,000. See sec. 219(g)(3)(B)(i).

[5] Petitioners' modified AGI in 2005 was $177,982. The modified AGI of $177,982 minus $70,000 equals $107,982. The ratio of 107,982:10,000 equals 10.7982. Accordingly, the $4,500 allowable deduction is to be reduced by $4,500 multiplied by 10.7982, which yields an allowable deduction of zero.

[6] The applicable dollar amount for 2005 for the spouse of an active participant was $150,000. See sec. 219(g)(7)(A).

$177,982 on their 2005 income tax return, Mrs. Starnes similarly is not entitled to an IRA deduction if petitioner was an active participant in a plan defined in section 219(g)(5)(A) during 2005.[7]

Petitioners argue that petitioner was not an active participant in the PERA plan because he did not earn any service credit for his monetary contributions and such contributions were nonrefundable. Alternatively, petitioners argue that their IRA deduction should be allowed because it was allowed on their 2004 tax return. Respondent argues that petitioner was an active participant because he made contributions to the plan in 2005, and he was eligible to receive benefits and participate in the plan. Respondent further argues that petitioner was an active participant in the PERA plan because the Form W-2 issued to him by the State of New Mexico reflected that he was an active participant. Respondent argues that petitioner's lack of benefit from his contributions does not preclude him from attaining active participant status. We agree with respondent and conclude that petitioner was an active participant in the PERA plan during 2005.

---

[7] Petitioners' modified AGI in 2005 was $177,982. The modified AGI of $177,982 minus $150,000 equals $27,982. The ratio of 27,982:10,000 equals 2.7982. Accordingly, the $4,500 allowable deduction is to be reduced by $4,500 multiplied by 2.7982, which yields an allowable deduction of zero.

Active Participant

The plan provided by PERA is a plan described in section 219(g)(5)(A)(iii) and the active participant limitations may apply to petitioner. The plan provided by PERA is a plan established by the State of New Mexico for its employees. Accordingly, petitioner is an employee of the State of New Mexico, and the active participant limitations apply to this plan. Having determined that the active participant limitations apply to this plan, we must now determine whether petitioner was an active participant in the PERA plan.

The fact that petitioner did not receive service credits in exchange for his mandatory contributions does not prevent petitioner from being an active participant in the PERA plan. In a prior case, we concluded that even where a taxpayer forfeited his accrued interest in a plan, the taxpayer was still an active participant in such plan. See Eanes v. Commissioner, 85 T.C. 168 (1985). We also found a taxpayer to be an active participant where the taxpayer was accruing service credits from mandatory contributions at such a slow rate that the taxpayer would be required to work 120 years to receive a retirement benefit. See Wade v. Commissioner, T.C. Memo. 2001-114. Ultimately, in both Eanes and Wade, the taxpayers did not receive a retirement benefit in exchange for their contributions. Similarly, petitioner did not receive a retirement benefit in exchange for

his contributions to the PERA plan.  This does not mean that petitioner was not an active participant in the PERA plan in 2005.

At the heart of the IRA contribution limitation is Congress's concern with taxpayers' being able to receive duplicate tax benefits from participation in an employer-sponsored plan and from participation in an IRA.  See H. Rept. 93-807, at 129 (1974), 1974-3 C.B. (Supp.) 236, 364.  Petitioner can elect to suspend receiving a payout of retirement benefits from the PERA plan at any time and start accruing service credits in the PERA plan.  Petitioner was, and is, free to elect to start accruing service credits instead of receiving his pension at any time.

The contributions petitioner made to the PERA plan during 2005 caused petitioner to be an active participant in the PERA plan according to section 1.219-2(e), Income Tax Regs.  Section 1.219-2(f), Income Tax Regs., excludes from the definition of active participant only those individuals who have elected out of participating pursuant to the plan.  Petitioner could not, and did not, elect out of participating in the PERA plan.  Rather, petitioner made a mandatory contribution, and this is sufficient to characterize petitioner as an active participant pursuant to the regulations.  See sec. 1.219-2(e), Income Tax Regs.

Because petitioner is an active participant and petitioners' adjusted gross income exceeded $160,000, we conclude that petitioners cannot deduct their 2005 IRA contributions.

Allowance on 2004 Return

Petitioners argue that they should be allowed to deduct their 2005 IRA contributions on the basis that respondent allowed them for the 2004 tax year. Respondent's allowance of petitioners' IRA contribution deduction for the prior year has no bearing on whether petitioners are entitled to a similar deduction for 2005. Even though the Commissioner may have overlooked or accepted the tax treatment of certain items in previous years, the Commissioner is not precluded from correcting that error in subsequent years with respect to the same taxpayer. Garrison v. Commissioner, T.C. Memo. 1994-200, affd. without published opinion 67 F.3d 299 (6th Cir. 1995).

In reaching all of our holdings herein, we have considered all arguments made by the parties, and to the extent not mentioned above, we conclude they are irrelevant or without merit.

To reflect the foregoing,

Decision will be entered for respondent.