T.C. Summary Opinion 2012-119

UNITED STATES TAX COURT

JOHN BRUCE CORCORAN AND FRANCES H. CORCORAN, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 15713-11S.            Filed December 10, 2012.

John Bruce Corcoran and Frances H. Corcoran, pro sese.

<u>Sarah E. Sexton</u>, for respondent.

SUMMARY OPINION

GERBER, <u>Judge</u>:  This case was heard pursuant to the provisions of section

7463 of the Internal Revenue Code in effect when the petition was filed.[1]  Pursuant

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue
Code in effect for the year in issue.

to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case. The sole controversy in this case concerns whether petitioners are entitled to deduct a $6,000[2] individual retirement account (IRA) contribution for their 2008 tax year. Respondent determined a $1,316 income tax deficiency, and petitioners contend that respondent's determination is in error.

## Background[3]

Petitioners resided in California at the time their petition was filed. On their 2008 joint Federal income tax return, each petitioner claimed a $6,000 IRA deduction, resulting in a total deduction of $12,000 from their joint gross income. Respondent disallowed John Bruce Corcoran's (petitioner) $6,000 deduction using information received from his employer indicating that he was covered by his employer's retirement plan.

During 2008 petitioner was employed by New York Life (NYL) as an insurance agent. On a 2008 Form W-2, Wage and Tax Statement (which was also provided to respondent), NYL checked box 13 indicating that petitioner was

---

[2]Certain computational adjustments result from the $6,000 disallowance, and there is no dispute over or reason to consider those pro forma adjustments.

[3]The underlying facts in this controversy are not disputed by the parties.

covered by NYL's retirement plan. During 2008 NYL had a defined contribution plan (DCP) and a defined benefit plan (DBP). Petitioner did not know that NYL had automatically enrolled him in the DBP, and he made no contributions to that plan. In addition, the DBP did not vest until after five years of employment.

Petitioner was aware of the DCP and its operation. He understood that with respect to each employee, the benefits depended upon attaining a certain level of commissions (threshold). Petitioner realized that he would not reach the threshold, and, therefore, there was no incentive for him to participate in the DCP. Consequently, petitioner decided not to make contributions to the DCP. On the basis of his sales performance, he knew that a $6,000 IRA contribution would exceed any contribution that he would be permitted to make to the DCP. In addition, petitioner expected to be terminated from his employment because he was below NYL's sales production minimum standards.

As expected, petitioner's employment was terminated by NYL in April 2009, before petitioners filed their 2008 tax return. After his termination, petitioner did not receive any benefits from the DCP or the DBP. When petitioners filed their 2008 tax return, petitioner was unaware of any contributions that had been made by NYL to his DCP or DBP account and knew that it was unlikely that he would ever

receive any benefit from the DCP or DBP plan.  Accordingly, petitioner timely contributed $6,000 to his IRA and claimed a corresponding deduction for 2008.

## Discussion

Deductions attributable to contributions to an individual retirement account may be limited if a taxpayer is an "active participant" in certain other pension, stock bonus, or profit-sharing plans.  See sec. 219(g).  "An individual is to be considered an active participant in a plan if he is accruing benefits under the plan even if he has only forfeitable rights to those benefits."  H.R. Rept. No. 93-807, at 129 (1974), 1974-3 C.B. (Supp.) 236, 364.  Section 1.219-2(b), Income Tax Regs., concerns defined benefit plans and, in particular, states:  "[A]n individual is an active participant in a defined benefit plan if for any portion of the plan year ending with or within such individual's taxable year he is not excluded under the eligibility provisions of the plan."

Although "active participant" is not defined in section 219, that term has been addressed in several cases.  In Eanes v. Commissioner, 85 T.C. 168, 171 (1985), this Court focused upon the legislative history of section 219 and relied upon the explanation that "'[a]n individual is to be considered an active participant in a plan if he is accruing benefits'" (quoting H.R. Rept. No. 93-807, supra at 129, 1974-3 C.B. (Supp.) at 364) as the test for being an "active participant".  In Eanes the

taxpayer made voluntary contributions to the plan, but his rights were forfeited by the time he filed his 1981 income tax return. Likewise, in Hildebrand v. Commissioner, 683 F.2d 57 (3d Cir. 1982), aff'g T.C. Memo. 1980-532, the taxpayer worked for only a few months and made contributions to the company plan which were forfeited by the time he filed his 1975 income tax return.

In Foulkes v. Commissioner, 638 F.2d 1105 (7th Cir. 1981), rev'g T.C. Memo. 1978-498, the taxpayer was covered by a pension plan during the taxable year, but it became clear that he could not acquire any benefit from the plan. Even though contributions were made to the plan and it appeared that he was an "active participant", the Court of Appeals for the Seventh Circuit found, in considering a prior version of section 219, that "[t]o include Foulkes within the scope of the phrase 'active participant' does nothing to further the congressional purpose behind section 219(b)(2)(A)(i) [now section 219(g)], and likewise contravenes the congressional purpose in creating the deduction for IRA's." Foulkes v. Commissioner, 638 F.2d at 1110.

This Court and the Court of Appeals for the Ninth Circuit, in a subsequent and similar case, declined to follow the reasoning of the Court of Appeals for the Seventh Circuit. In Orvis v. Commissioner, 788 F.2d 1406, 1407 (9th Cir. 1986), aff'g T.C. Memo. 1984-533, the Court of Appeals stated that "We believe that the

Foulkes interpretation of section 219(b)(2)(A)(i) is inconsistent with the statute's plain meaning and the legislative history. Section 219(b)(2)(A)(i) of the Code states that an IRA contribution is not deductible if the taxpayer is an active participant in a qualified plan 'for any part of such year'." In Orvis the taxpayer had made contributions to the plan and received a refund of the contributions during the tax year in which she terminated service.

Respondent contends that because petitioner was enrolled in NYL's DBP, he was an "active participant", even though he had been automatically enrolled without his knowledge, he did not make any contributions, and he did not accrue any benefits. This case does differ factually from some of the above-cited cases in that it is not clear that contributions were made by petitioner's employer and also because petitioner made no contributions to either plan. In theory, however, this case does not differ from precedent of this Court and is therefore indistinguishable even though petitioner did not pay and/or accrue any benefits during the taxable year. Petitioner admitted in the record that he was enrolled in NYL's DBP in 2008, even though he was not aware that he was.

Petitioner strenuously argued that it would be inequitable to disallow his IRA deduction in the light of the circumstances. We agree with petitioner that, considering the facts, the result is inequitable and does nothing to further the

congressional purpose underlying the enactment of section 219.  However, simply because petitioner was enrolled in a defined benefit plan during 2008, no matter how superficial and ineffective that coverage may have been, he is not entitled to deduct the $6,000 IRA contribution, and we so hold.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.