**PURSUANT TO INTERNAL REVENUE CODE SECTION 7463(b),THIS OPINION MAY NOT BE TREATED AS PRECEDENT FOR ANY OTHER CASE.**

T.C. Summary Opinion 2014-17

UNITED STATES TAX COURT

REBECCA SMACKEY HURD, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 15858-11S.                    Filed February 25, 2014.

Rebecca Smackey Hurd, pro se.

<u>Janice B. Geier</u>, for respondent.

SUMMARY OPINION

WELLS, <u>Judge</u>:  The instant case was heard pursuant to the provisions of

section 7463 of the Internal Revenue Code in effect when the petition was filed.

Pursuant to section 7463(b),[1] the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency of $4,189[2] in petitioner's Federal income tax for her 2008 tax year. After petitioner's concession,[3] the only issue that we must decide is whether petitioner is entitled to a deduction, pursuant to section 219, of $5,000 for her contribution to her individual retirement account (IRA) during 2008.[4]

## Background

The parties submitted the instant case fully stipulated, without trial, pursuant to Rule 122. The parties' stipulations of fact are incorporated herein by

---

[1]Unless otherwise indicated, section references are to the Internal Revenue Code of 1986, as amended and in effect for the year in issue, and Rule references are to the Tax Court Rules of Practice and Procedure.

[2]We round all monetary amounts to the nearest dollar.

[3]In the notice of deficiency respondent determined that petitioner had not included interest income of $17 in her 2008 taxable income. The parties have stipulated that petitioner received the taxable interest income during her 2008 tax year. Petitioner makes no additional claims with regard to that income. Accordingly, we deem petitioner to have conceded this issue. See Rule 149(b).

[4]The remaining adjustments set forth in the notice of deficiency are computational and will be resolved by our holding on the aforementioned issue. Consequently, we do not specifically address the remaining adjustments in this opinion.

reference and are found as facts. At the time of filing the petition, petitioner resided in Idaho.

From January 1 to July 6, 2008, petitioner worked for Stratus Global Partners LLC (Stratus), where she earned wages of $52,621. During her employment with Stratus during 2008 petitioner was not covered by an employer retirement plan.

From July 28 to December 31, 2008, petitioner worked for Micron Technology, Inc. (Micron), where she earned wages of $33,708. During her employment with Micron during 2008 petitioner was covered by Micron's qualified retirement plan, which was named the Retirement at Micron (RAM) 401(k) Plan (Micron's plan). Micron sent petitioner a Form W-2, Wage and Tax Statement, indicating that she was enrolled in Micron's plan during 2008 and that she had contributed $1,373 to Micron's plan. Petitioner also received from Micron a pay stub indicating that she had contributed $1,373 to Micron's plan.[5]

_____

[5]It is unclear from the record whether Micron matched petitioner's 2008 contribution with an additional contribution of $1,373. Petitioner contends that Micron has not matched her contribution because no such contribution was indicated on the Form W-2 that Micron sent to her. Respondent contends that, according to a separate statement that Micron sent to petitioner, Micron did match petitioner's contribution. However, our decision regarding petitioner's Federal income tax liability does not depend on the resolution of this factual issue, and we do not address it further.

During 2008, petitioner contributed $5,000 to her IRA, and she deducted the same amount on her 2008 Federal income tax return. Petitioner's 2008 tax return indicated that her adjusted gross income (AGI) determined without regard to the IRA contribution deduction was $86,532.

Respondent sent petitioner a notice of deficiency determining that she owed a deficiency of $4,189 for her 2008 tax year, on account of the disallowance of petitioner's claim of a deduction for her IRA contribution of $5,000 and the failure to include $17 of interest income. Petitioner timely filed a petition in this Court.

## Discussion

Generally, the Commissioner's determinations are presumed correct and the taxpayer bears the burden of proving that the determinations are in error. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Deductions are a matter of legislative grace, and the taxpayer bears the burden of proving entitlement to the

deductions claimed.[6]  Rule 142(a); <u>INDOPCO, Inc. v. Commissioner</u>, 503 U.S. 79, 84 (1992); <u>New Colonial Ice Co. v. Helvering</u>, 292 U.S. 435, 440 (1934).

Section 219(a) provides:  "In the case of an individual, there shall be allowed as a deduction an amount equal to the qualified retirement contributions of the individual for the taxable year."  With certain exceptions, a taxpayer is entitled to deduct amounts that the taxpayer contributed to an IRA for the taxable year.  Sec. 219(a).  The deduction may not exceed the lesser of:  (1) the deductible amount, which was generally $5,000 for the 2008 tax year; or (2) an amount equal to the compensation includible in the taxpayer's gross income for such taxable year.  Sec. 219(b)(1), (5)(A).

However, the deductible amount allowed under section 219(a) may be further limited if a taxpayer is an "active participant" in a qualified pension plan during any part of the year.  Sec. 219(g)(1), (5).  For purposes of section 219(g), an "active participant" means, with respect to any plan year, an individual who,

_____

[6]Sec. 7491(a)(1) provides an exception that shifts the burden of proof to the Commissioner as to any factual issue relevant to a taxpayer's liability for tax if: (1) the taxpayer introduces credible evidence with respect to that issue and (2) the taxpayer satisfies certain other conditions, including substantiation of any item and cooperation with the Government's requests for witnesses, documents, other information, and meetings.  Sec. 7491(a)(2).  Petitioner has not raised sec. 7491, and we conclude that there are no disputed factual issues relevant to her liability. Consequently, sec. 7491 does not apply.

inter alia, actively participates in a plan described in section 401(a). Sec.

219(g)(5)(A)(i). If an employee makes a voluntary or mandatory contribution to a

plan described in section 401(a), the employee is an active participant in the plan

for the taxable year in which he or she makes the contribution. See sec. 1.219-

2(e), Income Tax Regs. The determination of whether an employee is an active

participant is made without regard to whether the employee's rights under a plan

are nonforfeitable. See sec. 219(g)(5) (flush language); see also Hildebrand v.

Commissioner, 683 F.2d 57, 58-59 (3d Cir. 1982), aff'g T.C. Memo. 1980-532;

Eanes v. Commissioner, 85 T.C. 168, 170 (1985).[7]

For a taxpayer who is an active participant and whose filing status is single,

section 219(g) provides that the dollar amount of the allowable deduction under

section 219(a) is phased out when the taxpayer's AGI exceeds certain thresholds

determined in reference to the applicable dollar amount specified in section

219(g)(3)(B). Sec. 219(g)(1)-(3), (8). As relevant in the instant case, the

taxpayer's AGI is determined without regard to the IRA contribution deduction.

---

[7]Sec. 219, as applicable during 1981, the taxable year in issue in Eanes v. Commissioner, 85 T.C. 168 (1985), and Hildebrand v. Commissioner, 683 F.2d 57 (3d Cir. 1982), aff'g T.C. Memo. 1980-532, did not include a definition of "active participant". The current flush language in sec. 219(g)(5) was then found only in the legislative history. See H. R. Rept. No. 93-807, at 129 (1974), 1974-3 C.B. (Supp.) 236, 364.

Sec. 219(g)(3)(A)(ii). For the 2008 tax year the applicable dollar amount for an individual with a single filing status was $53,000. Sec. 219(g)(3)(B)(ii), (8); Rev. Proc. 2007-66, sec. 3.22(2), 2007-2 C.B. 970, 975. Consequently, for the 2008 tax year the IRA contribution deduction was completely phased out for an individual taxpayer with AGI exceeding $63,000. See Wade v. Commissioner, T.C. Memo. 2001-114, 2001 WL 505210, at *2.

During her 2008 tax year petitioner was covered by and contributed $1,373 to Micron's plan. The parties agree that Micron's plan qualified as a section 401(k) defined contribution plan. Section 401(a) includes, inter alia, stock-bonus plans, profit-sharing plans, and section 401(k) defined contribution plans. Sec. 401(a), (k); Felber v. Commissioner, T.C. Memo. 1992-418, aff'd without published opinion, 998 F.2d 1018 (8th Cir. 1993). Because petitioner made contributions to a plan described in section 401(a), she was an active participant pursuant to section 219(g)(5), see sec. 1.219-2(e), Income Tax Regs.,[8] and was

_____

[8]Petitioner asserts that sec. 1.219-2(e), Income Tax Regs., applies only to defined benefit plans. Petitioner is mistaken. Sec. 1.219-2(e), Income Tax Regs., clearly states that it applies to "paragraphs (b), (c), or (d) of this section", which include defined benefit plans, money purchase plans, and profit-sharing or stock-bonus plans, respectively. The Federal income tax treatment of profit-sharing and stock-bonus plans is set forth in sec. 401, and that section also includes sec. 401(k) retirement plans, which are generally defined, in pertinent part, as cash or deferred arrangements that are part of a profit-sharing or stock-bonus plan, such as
(continued...)

subject to IRA deduction limitations pursuant to section 219(g)(3). Petitioner's AGI for her 2008 tax year determined without regard to her 2008 IRA contribution deduction was $86,532, which exceeded the IRA contribution deduction phaseout amount of $63,000 for the 2008 tax year. See sec. 219(g)(3)(B). Accordingly, petitioner is not entitled to any deduction for her $5,000 contribution to her IRA for her 2008 tax year.

Petitioner contends that section 219(g)(5) does not expressly define "active participant" to include a single individual taxpayer who is employed by a company with a qualified retirement plan, where (1) the employer has made no contribution to the plan on the employee's behalf,[9] and (2) the employee's interest in the plan has not vested. Petitioner's contention is without merit. Pursuant to section 1.219-2(e), Income Tax Regs.,[10] an employee is an active participant in a plan

---

[8](...continued)
Micron's plan. Accordingly, sec. 1.219-2(e), Income Tax Regs., applies to Micron's plan. See also Felber v. Commissioner, T.C. Memo. 1992-418, (taxpayer who contributed to employer's sec. 401(k) plan was an active participant pursuant to sec. 219), aff'd without published opinion, 998 F.2d 1018 (8th Cir. 1993).

[9]As noted above, the record is unclear as to whether Micron matched petitioner's 2008 contribution of $1,373 to Micron's plan.

[10]Petitioner contends that the regulations that accompany sec. 219 do not reflect the intent of Congress to prevent "double-dipping" only by active

(continued...)

covered by section 401(a) if the employee, and not the employer, makes a voluntary or mandatory contribution to the plan. Moreover, the flush language of section 219(g)(5) clearly provides that "[t]he determination of whether an individual is an active participant shall be made without regard to whether or not such individual's rights under a plan, trust, or contract are nonforfeitable." Accordingly, an employee may be an active participant in a retirement plan regardless of whether the employer makes a contribution to the plan on the employee's behalf or whether the employee's rights under the plan have vested. See Felber v. Commissioner, T.C. Memo. 1992-418.

---

[10](...continued)
participants that are vested employees in both IRAs and employer retirement plans (e.g., plans described under sec. 401(a)) and that Congress intended to allow nonvested employees to deduct contributions to an IRA. Petitioner's contention is without merit. "[I]n the absence of a 'clearly expressed legislative intention to the contrary', the language of the statute itself 'must ordinarily be regarded as conclusive.'" Burlington N. R.R. Co. v. Okla. Tax Comm'n, 481 U.S. 454, 461 (1987) (quoting United States v. James, 478 U.S. 597, 606 (1986)). In the instant case, the statute clearly states that the determination of an individual's status as an active participant is made without regard to whether the individual's rights under the plan are nonforfeitable. Sec. 219(g)(5) (flush language). Moreover, legislative history confirms that Congress intended for sec. 219(g)(5) to cover both vested and nonvested employees. See H.R. Conf. Rept. No. 99-841(Vol. II), at II-377 (1986), 1986-3 C.B. (Vol. 4) 1, 377 ("[T]he determination of active participant status * * * is made without regard to whether an individual's rights under an employer-maintained retirement plan are nonforfeitable (i.e., vested)."); H.R. Rept. No. 93-807, supra at 129, 1974-3 C.B. (Supp.) at 364 ("An individual is to be considered an active participant in a plan if he is accruing benefits under the plan even if he only has forfeitable rights to those benefits.").

Petitioner also contends that section 219(g) is incomplete, ambiguous, and unclear regarding the tax treatment of an individual taxpayer who worked for two employers, one which offered a qualified retirement plan and another which did not. Petitioner seems to contend that she should not be subject to section 219(g) because she did not participate in a qualified retirement plan for the portion of the 2008 tax year during which she was employed at Stratus. We disagree. The limitation on deductions for IRA contributions applies to a taxpayer who is an active participant in a qualified plan "for any part of any plan year ending with or within a taxable year". Sec. 219(g)(1). Even de minimis participation is sufficient to render a taxpayer an active participant for the entire tax year. See Wade v. Commissioner, 2001 WL 505210, at *3 (holding that a mandatory contribution amounting to $84.89 was sufficient to constitute active participation even though the taxpayer was unlikely ever to receive benefits under the plan). Petitioner was an active participant in Micron's plan for nearly six months of the 2008 tax year and contributed $1,373 during that time. Accordingly, petitioner is an active participant in a qualified plan for the 2008 tax year.

Petitioner also makes an equitable plea similar to others that this Court has addressed on previous occasions. Petitioner contends that section 219(g)(3)(B)(ii) unfairly requires inclusion of all earnings from all employers, regardless of the

amount of time that the employee worked at each or the amount of income attributable to each. Petitioner, in effect, is asking us to legislate changes in the statute as enacted by Congress. The power to legislate is exclusively the power of Congress and not of this Court. See Iselin v. United States, 270 U.S. 245, 250-251 (1926). We must enforce the laws as written and interpreted. See Marsh & McLennan Cos. v. United States, 302 F.3d 1369, 1381 (Fed. Cir. 2002); Phila. & Reading Corp. v. United States, 944 F.2d 1063, 1074 (3d Cir. 1991). The Court may not "'revise the language of the statute as interpreted by the Treasury to achieve what might be perceived to be better tax policy.'" FleetBoston Fin. Corp. v. United States, 68 Fed. Cl. 177, 188 (2005) (quoting Marsh & McLennan Cos., 302 F.3d at 1381), aff'd, 483 F.3d 1345 (Fed. Cir. 2007). Rather, we must apply the language of the relevant provisions as written. See Commissioner v. Lundy, 516 U.S. 235, 252 (1996) (courts are "bound by the language of the statute as it is written"); Badaracco v. Commissioner, 464 U.S. 386, 398 (1984) ("Courts are not authorized to rewrite a statute because they might deem its effects susceptible of improvement."). While petitioner may perceive the result to be harsh, we cannot ignore the plain language of the statute, and, in effect, rewrite the statute to achieve what she advocates as a more equitable result. See Eanes v. Commissioner, 85 T.C. at 171.

Upon the basis of the record, we find that petitioner was an "active participant" in a qualified plan during 2008 and that her AGI for her 2008 tax year exceeded the IRA contribution deduction phaseout amount of $63,000 for that year. <u>See</u> sec. 219(g). Accordingly, petitioner is not entitled to any deduction for her $5,000 contribution to her IRA for her 2008 tax year, and we sustain respondent's determination that she is liable for a Federal income tax deficiency of $4,189 for her 2008 tax year.

In reaching these holdings, we have considered all the parties' arguments, and, to the extent not addressed herein, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decision will be entered for</u> <u>respondent</u>.