T.C. Memo. 2015-50

UNITED STATES TAX COURT

DENNIS J. MCCARTHY AND HOLLY W. MCCARTHY, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7352-14.                    Filed March 18, 2015.

Dennis J. McCarthy and Holly W. McCarthy, pro sese.

Gary R. Shuler, Jr., for respondent.

MEMORANDUM OPINION

DAWSON, Judge: Respondent determined a deficiency of $1,273 in

petitioners' 2011 Federal income tax. The issues for decision are: (1) whether

petitioners underreported by $18,467 taxable retirement income that Holly

McCarthy received in 2011 from the State Teachers Retirement System of Ohio

[*2] (STRS Ohio) and (2) whether petitioners must include in their gross income $3,868 of the total Social Security benefits Dennis McCarthy received in 2011.

## Background

This case was submitted fully stipulated pursuant to Rule 122,[1] and the stipulated facts are so found. We incorporate by reference the parties' stipulation of facts and the accompanying exhibits. At the time the petition was filed, petitioners resided in Ohio. Both were then age 82 and retired.

Petitioner Holly W. McCarthy received a bachelor's degree in nursing in 1955 and a master's degree in education in 1991. She worked as a nurse with the Northeastern School District in Clark County, Ohio, for over 24 years. She retired in 1998. Petitioner Dennis J. McCarthy has a bachelor's degree in accounting. He retired in 1996.

The State Teachers Retirement System of Ohio

In 1976 the Internal Revenue Service approved the STRS Ohio as a section 401(a) qualified plan. The plan operated in that status at all relevant times. Mrs. McCarthy is an STRS Ohio member. STRS Ohio provides retirement, health, disability, and survivor benefits to Ohio higher education and K-12 public

---

[1]All Rule references are to the Tax Court Rules of Practice and Procedure. All section references are to the Internal Revenue Code in effect for the year in issue.

[*3] educators.  It provides these benefits to full-time State employees of K-12 and higher education professors.

STRS Ohio members select from three plan options:  (1) the defined benefit plan, which provides retirement income that is "defined" in advance and includes survivor and disability protection while the member is teaching; (2) the defined contribution plan, which provides retirement income that is based on the performance of investment choices selected by the member from the various investment options STRS Ohio manages; and (3) the combined plan, which offers both a defined benefit and a defined contribution component.

Regardless of the plan option selected, members contribute a percentage of their earned salary while employers contribute a percentage of the member's annual salary.  Under the combined plan, the member makes a contribution to the defined contribution portion while the employer makes a contribution to the defined benefit portion.  The State Teachers Retirement Board establishes the contribution rates, which are subject to change.

STRS Ohio prepared two explanatory brochures for its 2010-11 members, including "Understanding Your STRS Ohio Benefits - Plan Summary" (to provide an overview of the retirement system) and "Service Retirement and Plans of Payment" (for members enrolled in its defined benefit plan).  In the brochures

**[*4]** STRS Ohio informed its members that: (1) Social Security benefits may be reduced or eliminated because of STRS benefits; (2) beginning with the member's first retirement distribution, retirement benefits will be taxable; (3) if Federal tax is not withheld from benefits, the individual will be responsible for making the Federal quarterly estimated tax payments; and (4) information regarding any amount excludable from taxation will be reflected on a Form 1099-R, Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc., sent to benefit recipients following the end of each calendar year.

Mrs. McCarthy's Defined Benefit Plan Distribution

During her career as a school nurse Mrs. McCarthy contributed a portion of her salary to a defined benefit plan with STRS Ohio. For 2011 STRS Ohio issued a Form 1099-R to her reporting a gross retirement distribution of $27,701.16 and a taxable amount of $27,412.68. STRS Ohio did not withhold any Federal income tax from the distribution paid to Mrs. McCarthy. It reported $288.48 of the distribution as an "Employee contributions/Designated Roth contributions or insurance premiums" and not taxable. By use of a "7" for the box 7 distribution code, STRS Ohio indicated that this was a normal distribution.

**[*5]** <u>Mr. McCarthy's Social Security Benefits</u>

Mr. McCarthy received Social Security benefits of $19,132 in 2011.

<u>Petitioners' 2011 Federal Income Tax Return</u>

Petitioners timely filed a joint Federal income tax return for 2011 reporting the following: (1) pensions and annuities totaling $9,233.72 (line 16a) with the taxable amount as $8,945.24 (line 16b) and (2) Social Security benefits totaling $37,600.24 (line 20a) with a zero taxable amount (line 20b).

<u>Notice of Deficiency</u>

In his December 30, 2013, notice of deficiency, respondent determined a $1,273 deficiency in petitioners' 2011 Federal income tax. Respondent determined that petitioners were required but failed to include in their 2011 income $18,467 of the total $27,412 retirement distribution that Mrs. McCarthy received from STRS Ohio. Respondent also determined that petitioners should have included in their gross income $3,868 of Mr. McCarthy's Social Security benefits received in 2011.

Discussion

In general, the determinations of the Commissioner in a notice of deficiency are presumed correct, and the burden is on the taxpayer to show that the

**[\*6]** determinations are incorrect. Rule 142(a); <u>Welch v. Helvering</u>, 290 U.S. 111 (1933).

Defined Benefit Plan Distribution

Gross income generally includes income from whatever source derived, including income from pensions and annuities. Secs. 61(a)(9), (11), 72(a). Section 402(a) provides that the amounts distributed under a plan described in section 401(a), such as a qualified defined benefit plan, generally shall be taxable to the distributee under section 72. Taxpayers seeking an exclusion from gross income must demonstrate they are eligible for the exclusion and bring themselves "within the clear scope of the exclusion." <u>Dobra v. Commissioner</u>, 111 T.C. 339, 349 n.16 (1998).

The parties agree that Mrs. McCarthy contributed to a qualified defined benefit plan with STRS Ohio under section 401(a). In 2011 she received a $27,412 taxable distribution from STRS Ohio from which no Federal income tax was withheld. Distributions from qualified plans are generally treated as annuities and subject to tax to the extent provided in section 72. <u>See, e.g.</u>, <u>Wright v. Commissioner</u>, T.C. Memo. 2005-5. It is clear from the record that petitioners failed to establish that they are legally entitled to exclude from their gross income the STRS Ohio distribution of $27,412 that Mrs. McCarthy received in 2011.

**[*7]**   Petitioners reported Social Security benefits of $37,600.24 and a taxable

retirement distribution of $8,945.24.  By classifying a portion of the STRS Ohio

distribution as Social Security benefits, petitioners sought to minimize tax on the

untaxed benefits Mrs. McCarthy accrued during her career.

Social Security Benefits

Section 86(a)(1) generally provides that gross income includes Social

Security benefits in an amount equal to the lesser of (A) one-half of the Social

Security benefits received during the taxable year or (B) one-half of the excess

described in subsection (b)(1).  Section 86(b)(1) applies if the sum of the modified

adjusted gross income of the taxpayer for the taxable year plus one-half of the

Social Security benefits received during the taxable year exceeds the base amount.

Subsection (c)(1)(B) provides, in the case of a joint return, that the base amount is

$32,000, and subsection (c)(2)(B) provides, in the case of a joint return, that the

adjusted base amount is $44,000.  In general, pursuant to section 86(d)(1)(A),

"Social Security benefit" means any amount received by the taxpayer by reason of

entitlement to a monthly benefit under the Social Security Act.

Section 86 requires that, if a taxpayer's modified adjusted gross income plus

one-half of his or her Social Security benefits exceeds a certain base amount, a

portion of the taxpayer's Social Security benefits shall be included in gross

[*8] income.  Petitioners did not offer any evidence or make any arguments with respect to respondent's determination regarding this issue.  Accordingly, we hold that petitioners are liable for tax on Mr. McCarthy's Social Security benefits pursuant to section 86 as determined by respondent.

Petitioners' modified adjusted gross income for 2011 plus one-half of Mr. McCarthy's Social Security benefits for that year (together, their "provisional income") is in excess of the base amount, and accordingly they must include in income an amount of benefits which is the lesser of one-half of the annual benefits received or one-half of the amount that remains after subtracting the appropriate base amount from their provisional income.

In sum, Mr. McCarthy received $19,132 in pension/annuity income from the Social Security Administration in 2011.  Petitioners incorrectly listed taxable Social Security benefits as zero on their 2011 return.  We agree with respondent that the correct taxable amount is $3,868[2] as set forth in the notice of deficiency.

---

[2]Gross income of $30,169 plus one-half of Social Security benefits or $9,566 equals modified adjusted gross income of $39,735 less the base amount of $32,000 equals an excess above base amount of $7,735; one-half of excess base amount is $3,867.50; one-half of Social Security benefits is $9,566; the amount includible in gross income is $3,867.50 (rounded up to the nearest dollar, $3,868).

**[\*9]** Petitioners request the Court to make "an equitable resolution"[3] in this case. Unfortunately for petitioners, the law simply does not provide the relief they seek. In effect, they are asking us to legislate changes in the statutory provisions enacted by Congress. The power to legislate is exclusively the power of Congress and not of this Court. See Iselin v. United States, 270 U.S. 245, 250-251 (1926). We must enforce the laws as written and interpreted. See Marsh & McLennan Cos. v. United States, 302 F.3d 1369, 1381 (Fed. Cir. 2002); Phila. & Reading Corp. v. United States, 944 F.2d 1063, 1074 (3d Cir. 1991). While petitioners may perceive the result to be harsh, we cannot ignore the plain language of the statutes and rewrite them to achieve what petitioners advocate as a more equitable result. See Eanes v. Commissioner, 85 T.C. 168, 171 (1985).

---

[3]Petitioners state in their Answering Brief:

> In essence, what we seek is "Judicial Redress" of the financial inequity created by two different Arms of Government (SSA and IRS) defining the same monies (2/3 of the STRS Pension) in two completely opposite ways each to the detriment of the taxpayer. This seems to violate Court Rulings that the Government "Can't Have Its Cake And Eat It".

> It should be noted that, while the STRS Pension is based 100% on untaxed contributions, Social Security Pensions are based 50% on untaxed contributions (Employer share). Based on this, the Redress could be to allow 50% of what the SSA claims is SS included in the STRS Pension (Employer share) to be treated as SS on our Tax Returns.

**[\*10]** We have considered all of the arguments made by petitioners, and, to the extent not expressly discussed above, we find that those arguments do not support a result contrary to that reached herein.

To reflect the foregoing,

<u>Decision will be entered for</u>

<u>respondent</u>.